**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Guyliano Laguerre,                 :
             Petitioner      :
                                  :
            v.                  :    No. 837 C.D. 2015
                                  :    Submitted: October 2, 2015
Pennsylvania Board of Probation    :
and Parole,                         :
            Respondent    :

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: December 15, 2015**

Guyliano Laguerre (Laguerre) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief. Laguerre contends the Board erred by not properly crediting time served solely on the Board's detainer to his original sentence. In addition, he asserts the Board erred by not complying with laws regarding service of sentences, which caused him to improperly serve consecutive time. For the reasons that follow, we affirm.

## I. Background

In July 2008, Laguerre was convicted of one count of possession with intent to deliver (PWID), and he was sentenced to a term of two to four years in prison. Certified Record (C.R.) at 1-3. Laguerre's original maximum sentence date was July 24, 2012. C.R. at 1.

On June 22, 2009, the Board released Laguerre on parole. C.R. at 4-7. On August 19, 2011, the Board declared Laguerre delinquent, and it issued a warrant to arrest and detain him for technical parole violations. C.R. at 9-10. On April 5, 2013, Laguerre was arrested and detained on the Board's warrant pending disposition of the technical parole violations. C.R. at 11-16, 17-20.

While on parole and prior to his arrest, Laguerre was charged with two offenses in Lancaster County. Specifically, in July 2012, county authorities charged Laguerre with PWID occurring in February 2011. C.R. at 38-41. Then, in September 2011, authorities charged him with PWID and possession of drug paraphernalia that occurred in August 2011. C.R. 54-57. On May 2, 2013, and June 17, 2013, respectively, authorities set bail, which he did not post. C.R. at 44, 48, 49, 66.

On May 31, 2013, the Board recommitted Laguerre as a technical parole violator to serve six months' backtime for violating conditions of his parole.[1] C.R. at 33-35. According to the Board's calculations, Laguerre owed 340 days of backtime, and it entered a new maximum date of March 11, 2014. C.R. at 31.

Laguerre pled guilty to the new criminal offenses. C.R. at 48, 65. On February 26, 2014, the Court of Common Pleas of Lancaster County (sentencing court) sentenced him to serve three to six years for each PWID offense and 12

---

[1] Laguerre waived his rights to counsel and a detention hearing, and he admitted to the technical parole violations. Certified Record (C.R.) at 21-22.

months of probation for possession of drug paraphernalia. C.R. at 49, 58. The sentencing court directed confinement on the new sentences to run concurrently. C.R. at 49. The sentencing also ordered credit for time served. C.R. at 43, 51, 59.

Based on his new convictions, the Board sent Laguerre a notice of charges and revocation hearing form. C.R. at 72. Laguerre voluntarily waived his right to a revocation hearing and counsel at the hearing. He admitted he was convicted of new criminal offenses. C.R. at 73.

By decision mailed May 30, 2014, the Board modified its prior action and recommitted Laguerre as a convicted parole violator to serve 18 months concurrently with the 6 months previously imposed for his technical parole violations (revocation decision).[2] C.R. at 85. The Board recommitted him on April 25, 2014. C.R. at 81, 89. The Board determined Laguerre owed 1101 days in backtime, and it recalculated Laguerre's new maximum sentence date of May 1, 2017. C.R. at 85-90. The Board also determined Laguerre would not be eligible for parole until September 29, 2015. C.R. at 85.

Laguerre, representing himself, filed a request for administrative relief in June 2014, asserting sentence-credit and reparole-eligibility-date challenges

---

[2] The Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual was on parole. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66, 74 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

(First Request).[3]  C.R. at 96-96, 108-109.  Specifically, Laguerre challenged the calculation of his new maximum sentence date of May 1, 2017.  C.R. at 95-96, 108-109.  Laguerre asserted he owed only 340 days as previously determined and, on that basis, he claimed his recomputed maximum date should remain March 11, 2014.  C.R. at 95, 109.  According to Laguerre, he did not forfeit any time between his date of parole (June 22, 2009) and date of delinquency (August 19, 2011).  C.R. at 95, 109.  He claimed the imposition of 18 months' backtime exceeded the amount of time owed of 340 days.  C.R. at 95, 109.  And, he asserted he should be credited for 27 days served under the Board's jurisdiction at a halfway house.  C.R. at 95, 109.  Laguerre also challenged the calculation of his parole eligibility date.  According to Laguerre, the Board miscalculated his parole eligibility date by not taking into account 6 months' backtime served for the technical parole violations when the Board imposed 18 months' backtime to run concurrently.  C.R. at 95, 109.

In response, the Board asked for additional information regarding the halfway house.  C.R. at 121.  More particularly, the Board asked for the name of the halfway house and the dates he resided there, and it gave Laguerre 30 days to supply the information.  C.R. at 121.  Laguerre sent two letters in reply.  C.R. at 122-125.  In his first reply, Laguerre advised he was represented by counsel.  C.R. at 124.  In the second reply, he asserted he previously provided the information requested, and inquired as to the status of his appeal.  C.R. at 122.

---

[3] Laguerre filed two separate requests within the 30-day time limit to appeal the Board's decision, which the Board treated as one petition for administrative relief.  Resp't's Br. at 5 n.1.

Meanwhile, by action mailed September 18, 2014, the Board modified the revocation decision by changing Laguerre's maximum sentence date from May 1, 2017, to April 30, 2017, and his reparole eligibility date from September 29, 2015, to September 28, 2015 (modification decision). C.R. at 91.

By action mailed September 23, 2014, the Board dismissed Laguerre's First Request as moot. C.R. at 126. The Board explained Laguerre's replies did not contain the information requested. C.R. at 126. The Board advised that, if Laguerre wished to contest the new maximum sentence or reparole eligibility dates, he must file a petition for review from the Board's modification decision. C.R. at 126.

On October 8, 2014, Laguerre filed a second uncounseled request for administrative relief challenging the Board's calculation of his new maximum date, sentence credit, and parole eligibility date in the modification decision (Second Request). C.R. at 127-131. Once again, Laguerre claimed he did not owe more than 340 days of backtime, and he did not forfeit any of his time at liberty on parole prior to his delinquency date. C.R. at 128. According to Laguerre, his delinquency date (August 19, 2011), should be used for calculations, not his parole date (June 22, 2009). C.R. at 127-128. He reasserted his claim that his parole eligibility date should be modified to reflect all time served in prison, including 6 months' backtime for technical parole violations. C.R. at 130. In addition, Laguerre questioned the Board's custody of return date, maintaining it should be his date of arrest (April 5, 2013) not his recommitment date (April 25, 2014). C.R. at 127. And, Laguerre claimed he was entitled to 27 days' credit for time spent at

Wernersville Community Corrections Center (Wernersville CCC) from June 2009 to July 2009. C.R. at 130.

In response, the Board informed Laguerre an evidentiary hearing would be held on his claim regarding credit for time spent at Wernersville CCC. C.R. at 132. It advised, "[b]ecause an evidentiary hearing is pending, the Board cannot affirm or reverse the calculation reflected in the [B]oard action mailed September 18, 2014 at this time." C.R. at 132.

After an evidentiary hearing, by action mailed on March 26, 2015, the Board denied credit for time spent at Wernersville CCC. C.R. at 92-94. The Board explained Laguerre did not prove the program at Wernersville CCC restricted his liberty in a manner sufficient to warrant backtime credit. C.R. at 93 (citing Cox v. Pa. Bd. of Prob. & Parole, 493 A.2d 680 (Pa. 1985)).

Thereafter, with assistance of counsel, Laguerre filed a third request for administrative relief (Third Request). C.R. at 133. In it, Laguerre reasserted his claim that the Board's calculation of his maximum date was erroneous. More particularly, he claimed the Board erred by setting a maximum sentence date beyond the period that he could be required to serve on the underlying sentence. Laguerre also claimed the Board lacked jurisdiction to revoke his parole because he was not on parole or under the Board's authority at the time of revocation. Finally, by failing to comply with laws relating to the order in which to serve sentences, Laguerre asserted the Board improperly caused him to serve consecutive time. C.R. at 133.

6

On May 6, 2015, the Board responded Laguerre did not preserve the jurisdictional issue. C.R. at 135-136. As for Laguerre's claim that the Board improperly caused him to serve his sentences consecutively, the Board explained convicted parole violators must serve their original sentence first followed by their new sentence. The Board dismissed as unauthorized Laguerre's Third Request to the extent it objected to the revocation decision mailed May 30, 2014, and it affirmed the action mailed March 26, 2015, regarding sentence calculation. C.R. at 136. From this decision, Laguerre petitions for review with this Court.

## II. Issues

On appeal,[4] Laguerre contends the Board erred in calculating his new maximum sentence date because it does not accurately reflect periods during which he was incarcerated and under the Board's jurisdiction or credit time served solely on the Board's detainer. In addition, he asserts the Board erred by not complying with the laws regarding the order a recommitted parolee must serve his sentences, which improperly caused him to serve consecutive time. Laguerre also seeks a remand because the Board did not address all claims previously raised.

The Board counters Laguerre waived the revocation claim issues on appeal by failing to properly raise them before the Board in his First Request. It asserts a remand is not necessary because it addressed all issues properly raised. Notwithstanding, the Board maintains it properly calculated Laguerre's maximum

---

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

sentence date and required Laguerre to serve his original sentence before his new sentence.

### III. Discussion
### A. Waiver

We first address the issue of waiver. The Board asserts Laguerre waived his revocation decision claims by failing to first raise them before the Board.

In an administrative agency appeal, a party may not raise any question not raised before the agency unless allowed by the Court upon due cause shown. Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a); Pa. R.A.P. 1551(a). Any issues not raised in an administrative appeal to the Board are waived for purposes of appellate review. Goods v. Pa. Bd. of Prob. & Parole, 912 A.2d 226 (Pa. 2006); McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993).

Upon review, Laguerre made an earnest attempt to navigate through the Board's multiple recommitment and recalculation decisions as well as its requests for additional information. In his First Request, Laguerre claimed the Board miscalculated his maximum sentence date, and it did not credit him for all time served under the Board's jurisdiction, including time served at Wernersville CCC.[5] The fact that Laguerre did not adequately respond to the Board's inquiries regarding time served at Wernersville CCC did not nullify his other challenges

---

[5] Laguerre admits he waived the issue regarding whether he was entitled to a credit for time spent at Wernersville CCC on appeal. Pet'r's Br. at 16 n.2.

8

regarding sentence credit and parole eligibility. In fact, when the Board directed Laguerre to challenge its modification decision, Laguerre reasserted the same challenges in his Second Request. C.R. at 127. In his Third Request, Laguerre, through counsel, asserted claims regarding sentence credit and sequence of sentences. As these issues are the issues now raised on appeal, we decline to find waiver.[6]

Notwithstanding, we also decline Laguerre's request for remand. Although Laguerre makes a general claim that the Board did not address all issues raised in his First Request, he does not identify which issues were not addressed or provide a legal justification for remand. See Pet'r's Br. at 16, 17, 20. Upon review, we conclude the Board adequately responded to and denied Laguerre's requests for relief as they pertain to the issues raised and developed in this appeal.

## B. Maximum Sentence Date & Backtime Credit

Turning to the merits, Laguerre asserts the Board did not afford him credit for all time incarcerated under the Board's detainer. Specifically, he claims the Board did not account for the period of incarceration from his date of arrest (April 5, 2013) until sentencing (February 26, 2014). He claims this time should be credited towards the backtime owed and his maximum sentence date should be adjusted accordingly.

---

[6] Insofar as Laguerre also challenged the Board's jurisdiction to revoke parole in his Third Request, he does not raise or otherwise pursue this issue on appeal. See Pet. for Review at 2; Pet'r's Br. at 11. Consequently, this issue is not before us.

The Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted as a convicted parole violator, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board chooses to award credit.[7] 61 Pa. C.S. §§6138(a)(2), (2.1). If a new sentence is imposed, he must serve the balance of the original sentence prior to commencement of the new term. 61 Pa. C.S. §6138(a)(5)(i).

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299, 309 (Pa. 2003). Time incarcerated shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for the new offense and, thus, remains incarcerated solely by reason of the Board's detainer. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. Id. Only when it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence will credit be applied

---

[7] In comparison, when a parolee is recommitted for technical parole violations, he is given credit for time served on parole in good standing, but with no credit for delinquent time. 61 Pa. C.S. §6138(c)(2).

10

to the offender's original sentence. <u>Melhorn v. Pa. Bd. of Prob. & Parole</u>, 908 A.2d 266 (Pa. 2006); <u>Armbruster v. Pa. Bd. of Prob. & Parole</u>, 919 A.2d 348 (Pa. Cmwlth. 2007).

Here, the Board recommitted Laguerre as a convicted parole violator to serve the remainder of his term. At the time of his parole, 1128 days remained on his original sentence, which is the difference between his original maximum sentence date (July 24, 2012) and his parole date (June 22, 2009).[8] C.R. at 118. The Board credited 27 days, which represents Laguerre's period of incarceration served solely on the Board's detainer after his arrest (April 5, 2013) but before bail was set (May 2, 2013) on the new criminal charges. By subtracting 27 days from 1128 days, the Board correctly calculated a total of 1101 days remaining towards his original sentence. C.R. at 83, 85-90.

Laguerre did not become available to begin serving backtime until April 25, 2014, when the Board recommitted him as a convicted parole violator. C.R. at 81, 89. Adding 1101 days to April 25, 2014, results in a new maximum sentence date of April 30, 2017. C.R. at 89.

---

[8] When Laguerre was initially recommitted as a technical parole violator, he did not lose all time at liberty on parole in good standing. <u>See</u> 61 Pa. C.S. §6138(c)(2). Consequently, he owed 340 days, which is the amount of time between his original maximum sentence date (July 24, 2012) and his declared delinquency date (August 19, 2011). C.R. at 31. However, upon his recommitment as a convicted parole violator, the Board chose not to give credit for time on parole. <u>See</u> 61 Pa. C.S. §6138(a)(2) & (2.1). Thus, the remainder of his term was 1128 days, not 340 days.

11

Contrary to Laguerre's assertions, he is not entitled to pre-sentence credit for the period between May 2, 2013, when bail was set, and February 26, 2014, the date of sentencing, towards his original sentence. Because Laguerre did not post bail, Laguerre was detained under the Board's warrant and the new criminal charges during this period. When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence, not the original sentence, unless it is not possible to credit all time to the new sentence. Melhorn; Gaito. According to the criminal dockets, the sentencing court directed credit for time served on his new sentence. C.R. at 43, 51, 59. As Laguerre's new sentence of three to six years did not exceed his pre-sentence incarceration period, it was possible for the sentencing court to credit this pre-sentence time to the new sentence.[9] See Melhorn.

For these reasons, we conclude the Board properly credited Laguerre's original sentence and recalculated his maximum sentence date.

---

[9] The Department of Corrections (Department) is responsible for reviewing the sentencing court's orders and determining the appropriate sentence credit as well as the minimum and maximum dates for Laguerre's aggregated new offenses. See 42 Pa. C.S. §§9757, 9760, 9761, 9762; see also McCray v. Dep't of Corr., 872 A.2d 1127, 1133 (Pa. 2005) (the Department "is charged with faithfully implementing sentences imposed by the courts"); Gillespie v. Dep't of Corr., 527 A.2d 1061 (Pa. Cmwlth. 1987) (the Department, not the Board, is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction). If there is an issue once the Department establishes the minimum and maximum sentence dates for new sentences, Laguerre will have an opportunity to challenge it at that time. See Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007).

## C. Consecutive Sentences

Next, we address whether Laguerre's claim that the Board violated the laws regarding the order in which a recommitted parolee must serve his sentences.

Under the Parole Code, where a new sentence is imposed, a parolee must first serve the balance of term originally imposed before serving any time on the new sentence. 61 Pa. C.S. §6138(a)(5). Sentences for crimes committed on parole must be served consecutively with the original sentence. Commonwealth v. Dorian, 468 A.2d 1091 (Pa. 1983). This rule takes effect when parole is revoked and the remainder of the sentence is due and owing. Richmond v. Commonwealth, 402 A.2d 1134 (Pa. Cmwlth. 1979).

Here, Laguerre is currently serving his original sentence. Laguerre will be available to begin serving his new criminal sentence at either the expiration of his maximum sentence date of April 30, 2017, or some point prior if he is reparoled. Contrary to Laguerre's assertions, the Board did not violate any laws regarding the order in which he must serve his sentences or otherwise cause him to improperly serve consecutive time.

## IV. Conclusion

Accordingly, we affirm the order of the Board denying Laguerre's request for administrative relief.

_____
ROBERT SIMPSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guyliano Laguerre,                    :
                    Petitioner        :
                                      :
        v.                            :        No. 837 C.D. 2015
                                      :
Pennsylvania Board of Probation       :
and Parole,                           :
                    Respondent        :


# **O R D E R**

**AND NOW**, this 15th day of December, 2015, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge