Eric Michael MISKOVITCH, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 3, 2013.
Decided Sept. 6, 2013.

---

Eric M. Miskovitch, pro se.

Chad L. Allensworth, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Before this Court are (i) the petition of Eric Michael Miskovitch for review of the February 28, 2012 determination of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal of a Board order that recommitted him as a convicted parole violator to serve backtime; and (ii) the petition of Timothy Peter Wile, Esquire, Assistant Public Defender for Montgomery County (Counsel), for leave to withdraw as Miskovitch's attorney. Concluding that the issues raised in Miskovitch's appeal are meritless, we affirm the Board's determination and grant Counsel's petition for leave to withdraw.

On February 20, 2001, Miskovitch was released on parole from aggregated sentences with the original minimum and maximum dates of July 31, 2000 and August 28, 2008, respectively. (Record Item (R. Item) 2, Board Decision 12/20/00, Certified Record (C.R.) at 8–11; R. Item 2, Release Order 12/20/00, C.R. at 12–13.)

On August 5, 2004, Miskovitch was arrested by the Tarentum Police Department following a string of criminal acts he committed in Allegheny and Westmoreland Counties over the course of the preceding weeks. (R. Item 3, Board Decision 9/4/04, C.R. at 23.) On September 18, 2009, Miskovitch was found guilty of robbery and receiving stolen property following a trial in one of the cases related to his 2004 crime spree, and, on December 14, 2009, he was sentenced to a 5 to 10 year term of incarceration. *Commonwealth v. Miskovitch,* 64 A.3d 672, 676 (Pa.Super.2013). A number of the other cases relating to Miskovitch's 2004 crime spree were consolidated in the Court of Common Pleas of Allegheny County, and, on April 27, 2010, Miskovitch pleaded guilty but mentally ill to various offenses.[1] *See* 18 Pa.C.S. § 314. On May 10, 2010, Miskovitch was sentenced on these charges to a 2 year and 6 month to 5 year term of imprisonment and new terms of probation. (R. Item 6, Disposition Docket Entries, C.R. at 49–50, 81, 106, 139–40, 173, 203, 244, 270, 295, 320, 351–52, 387, 417, 446, 472, 500).

On April 14, 2010, the Board issued a decision relating to his September 18, 2009 conviction after trial, which recommitted Miskovitch as a technical parole violator to serve 9 months backtime and as a convicted parole violator to serve 48 months backtime. (R. Item 12, Board Decision 12/5/11, C.R. at 692.) The Board held a hearing on October 20, 2011 concerning the April 27, 2010 guilty but mentally ill pleas, and on December 5, 2011 issued a decision recommitting Miskovitch as a convicted parole violator to serve 21 months backtime for his April 27, 2010 convictions, which was to be served concurrently with the 48 months backtime from the April 14, 2010 decision.

1. The docket numbers for the convictions are: (i) CP–02–CR–0014222–2004; (ii) CP–02–CR–0014223–2004; (iii) CP–02–CR–0014226–2004; (iv) CP–02–CR–0014237–2004; (v) CP–02–CR–0014220–2004; (vi) CP–02–CR–0014200–2004; (vii) CP–02–CR–0014210–2004; (viii) CP–02–CR–0014208–2004; (ix) CP–02–CR–0014214–2004; (x) CP–02–CR–0014212–2004; (xi) CP–02–CR–0014216–2004; (xii) CP–02–CR–0014218–2004; (xiii) CP–02–CR–0014203–2004; (xiv) CP–02–CR–0014224–2004; (xv) CP–02–CR–0017344–2004; and (xvi) CP–02–CR–0014233–2004. (R. Item 6, Disposition Docket Entries, C.R. at 49–50, 81, 106, 139–40, 173, 203, 244, 270, 295, 320, 351–52, 387, 417, 446, 472, 500).

(R. Item 11, Hearing Transcript 10/20/11 (H.T.), C.R. at 547; R. Item 12, C.R. at 692.) The Board set Miskovitch's parole violation maximum date as September 24, 2015. (R. Item 12, C.R. at 692.) In the instant Petition for Review, Miskovitch challenges the Board's February 28, 2012 denial of Miskovitch's administrative appeal of the Board's December 5, 2011 decision.

█ When evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, our first task is to determine whether counsel satisfied the following procedural requirements: (i) he must notify the inmate of his request to withdraw; (ii) he must furnish the inmate with a copy of a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), or a no-merit letter; and (iii) he must advise the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 22 (Pa.Cmwlth.2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole,* 150 Pa.Cmwlth. 54, 614 A.2d 355, 356 (1992).

█ Here, Miskovitch has only a statutory, rather than a constitutional, right to counsel, and Counsel is only required to submit a no-merit letter in support of a petition to withdraw.[2] *Hughes,* 977 A.2d at 24–25. A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Commonwealth v. Turner,* 518 Pa. 491, 494–95, 544 A.2d 927, 928 (1988); *Hughes,* 977 A.2d at 26. The principal distinction between a no-merit letter and an *Anders* brief is the standard of review applied to the issues on appeal: lack of merit in a no-merit letter and the slightly more rigorous frivolousness standard in an *Anders* brief, which requires "a

---

**2.** A constitutional right to counsel exists in a parole revocation matter when the parolee's case contains:

[a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes,* 977 A.2d at 26 (quoting *Gagnon v. Scarpelli,* 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Miskovitch's Petition for Review includes the argument that the Board improperly recommitted him as a convicted parole violator for offenses as to which he pleaded guilty but mentally ill, because the pertinent statute, 61 Pa.C.S. § 6138(a)(1), provides only for the recommitment of parolees who plead guilty, not specifically those who plead guilty but mentally ill. While at first blush Miskovitch appears to be arguing that his convictions were mitigated by the "mentally ill" aspect of his plea—hence invoking a constitutional right to counsel—our Supreme Court has stated that "a finding of [guilty but] mentally ill was ... not intended to mitigate the punishment to be meted out for the commission of the criminal act." *Commonwealth v. Sohmer,* 519 Pa. 200, 210, 546 A.2d 601, 606 (1988). Consequently, we do not believe that Miskovitch's argument that his recommitment was not proper based upon his pleas of guilty but mentally ill raises a "colorable claim" that "there are substantial reasons which justified or mitigated the violation and make revocation inappropriate." *Hughes,* 977 A.2d at 26 (quoting *Gagnon,* 411 U.S. at 790, 93 S.Ct. 1756). Nor do we believe that the arguments in this case "are complex or otherwise difficult to develop or present." *Id.* Accordingly, we measure Counsel's submission in support of his Petition for Leave of Court to Withdraw as Appellate Counsel against the lack of merit standard in a no-merit letter.

determination that the appeal lacks any basis in law or fact." *Smith v. Pennsylvania Board of Probation and Parole,* 524 Pa. 500, 507, 574 A.2d 558, 562 (1990) (quoting *McCoy v. Court of Appeals,* 486 U.S. 429, 438 n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)). We will not deny a motion to withdraw in cases where a no-merit letter is sufficient but counsel has instead chosen to submit an *Anders* brief; we will instead judge the case by the lack of merit standard inherent in a no-merit letter. *Hughes,* 977 A.2d at 26 n. 4.

Counsel has satisfied the procedural requirements for withdrawal. Counsel sent Miskovitch a letter on September 5, 2012, attached as Exhibit A to the Petition for Leave of Court to Withdraw as Appellate Counsel, informing Miskovitch of his determination that there were no non-frivolous issues in the appeal and that Miskovitch could retain an attorney or submit his own brief, which Miskovitch has done. The *Anders* brief adequately summarizes the procedural history and relevant facts, discusses all of the issues raised by Miskovitch in the Petition for Review and explains his determination that any appeal of the Board's decision is frivolous. Specifically, Counsel addresses four arguments: (i) that the Board did not have jurisdiction

to recommit Miskovitch after the expiration of his original term maximum expiration; (ii) that recommitment was not authorized for offenses to which Miskovitch pleaded guilty but mentally ill; (iii) that the recommitment for the new convictions was not supported by substantial evidence; and (iv) that the Board erred in re-computing Miskovitch's maximum term date by failing to take into account time spent on electronic home monitoring.[3] Counsel addressed each of these arguments with citations to the relevant case law and a full and complete explanation supporting his conclusion that the arguments were without merit.

■ Because Counsel has satisfied the procedural requirements for withdrawal, we independently evaluate the proceedings before the Board to determine whether the appeal is meritless.[4] *Dear v. Pennsylvania Board of Probation and Parole,* 686 A.2d 423, 426 (Pa.Cmwlth.1996); *Frankhouser v. Pennsylvania Board of Probation and Parole,* 143 Pa.Cmwlth. 80, 598 A.2d 607, 608–09 (1991). We first deal with the sole issue that Miskovitch raised in his *pro se* brief: whether a guilty but mentally ill plea can support a recommitment order.[5]

---

3. The Petition for Review also challenges the denial of credit for time Miskovitch spent at Community Corrections Centers after he was paroled in 2001. (Petition for Review ¶ 16(e).) However, the Board addressed these in a separate decision of January 17, 2012 (R. Item 13, Board Denial of Administrative Appeal 2/28/12, C.R. at 716), which is not before us in this appeal.

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. § 704; *Adams v. Pennsylvania Board of Probation and Parole,* 885 A.2d 1121, 1122 n. 1 (Pa.Cmwlth.2005).

5. Miskovitch also argues in his *pro se* brief that Counsel failed to adequately represent him in prior parole proceedings, including two appeals that came before this Court concerning the same convictions that serve as the basis for the recommitment decision here, as well as the April 14, 2010 recommitment order. *See Miskovitch v. Pennsylvania Board of Probation and Parole,* No. 1464 C.D.2011; *Miskovitch v. Pennsylvania Board of Probation and Parole,* No. 756 C.D.2011. Contrary to Miskovitch's assertions, Counsel did not allow these appeals to be defaulted upon. Rather, the Board submitted an Application for Remand in each appeal, and the appeals were remanded by this Court for further proceedings. The issues in those appeals remained viable after the remand. Any complaints

Section 6138(a)(1) of the Prisons and Parole Code authorizes the Board to recommit as a convicted parole violator any parolee:

who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa.C.S. § 6138(a)(1). Miskovitch argues that the omission in Section 6138(a)(1) of a guilty but mentally ill plea—while guilty verdicts, guilty pleas and nolo contendere pleas are specifically mentioned—indicates that the General Assembly viewed guilty but mentally ill parolees as a distinct class and intentionally excluded guilty but mentally ill pleas as grounds for a Board recommitment order.

■ A criminal defendant may be found "guilty but mentally ill" where "the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense." 18 Pa.C.S. § 314(a). At trial, a guilty but mentally ill charge arises only as an alternative for the jury when a defendant seeks to raise an insanity defense. *Id.; Commonwealth v. Sohmer*, 519 Pa. 200, 212, 546 A.2d 601, 607 (1988). A defendant may enter a plea of guilty but mentally ill, but:

[n]o plea of guilty but mentally ill may be accepted by the trial judge until he has examined all reports prepared pursuant to the Rules of Criminal Procedure, has held a hearing on the sole issue of the defendant's mental illness at which either party may present evidence and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered.

18 Pa.C.S. § 314(b).

An individual who is "mentally ill" is defined as "[o]ne who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." 18 Pa.C.S. § 314(c)(1). The "mentally ill" standard is distinct from the higher standard of "legal insanity" derived from the common law *M'Naghten* test,[6] which a defendant must establish in order to prevail on an insanity defense. 18 Pa.C.S. § 314(c)(2), (d).

The "guilt" of "guilty but mentally ill" is the same as that of a traditional guilty verdict or plea. The guilty but mentally ill statute has "no impact on the adjudicative process" or the burdens of proof placed upon the parties. *Sohmer*, 519 Pa. at 211, 546 A.2d at 607. Further, a guilty but mentally ill determination does not negate the criminal intent of the defendant, and instead "expressly recognizes that all elements of the crime have been met." *Commonwealth v. Santiago*, 579 Pa. 46, 78, 855 A.2d 682, 701 (2004); *Sohmer*, 519 Pa. at 210, 546 A.2d at 606.

Nor is the duration of the sentence affected by a determination of guilty but mentally ill: a guilty but mentally ill defendant "may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense," 42 Pa.C.S. § 9727(a), and is entitled to no reduction in the term as a result of the finding of mental illness. *Santiago*,

---

about the Counsel's performance and diligence in notifying Miskovitch of activity in the other appeals are outside the scope of review of this appeal.

6. *See* 18 Pa.C.S. § 315; *M'Naghten's Case*, (1843) 8 Eng. Rep. 718, 722 (H.L.).

579 Pa. at 78, 855 A.2d at 701. Likewise, a defendant found guilty but mentally ill cannot evade a mandatory minimum sentence. *Commonwealth v. Larkin*, 518 Pa. 225, 232–33, 542 A.2d 1324, 1328 (1988). The only distinction between guilty but mentally ill and guilty at sentencing is that the judge is required to "hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment." 42 Pa.C.S. § 9727(a). Mental health treatment is then provided in accordance with available resources. 42 Pa.C.S. § 9727(b). Prerelease, parole and probation for guilty but mentally ill offenders are also administered in accordance with the laws and regulations applicable to other offenders, except mental health treatment may be required as a condition of an offender's change of status. 42 Pa.C.S. § 9727(d)-(f).

We find no merit in Miskovitch's argument that a guilty but mentally ill plea should be treated differently from a traditional guilty plea. While the exact relationship between a determination of guilty but mentally ill and parole recommitment has not heretofore been addressed, the decisions of our Commonwealth universally and unambiguously decree that a guilty but mentally ill determination absolves a defendant of none of the consequences owing to him as a result of his guilt. As our Supreme Court has stated, a guilty but mentally ill determination does not "mitigate the punishment to be meted out for the commission of the criminal act." *Sohmer*, 519 Pa. at 210, 546 A.2d at 606. No more consequential example of the refusal by the courts of this Commonwealth to treat guilty and guilty but mentally ill differently can be seen than in *Santiago*, where our Supreme Court held that a prior guilty but mentally ill conviction could be used as an aggravating circumstance in the sentencing phase of a capital murder case. 579 Pa. at 78–79, 855 A.2d at 701.

The sole effect of a guilty but mentally ill plea is an evaluation of the defendant prior to sentencing and, potentially, a prescribed course of mental health treatment. 42 Pa.C.S. § 9727(a), (b). This evaluation and treatment arises not from an understanding that what the offender did was less serious because of his mental illness, but rather treatment may be required because of an on-going condition. We see no reason that the consideration provided to a guilty but mentally ill offender at sentencing should absolve him of the normal effect that the conviction would have on his parole status.

Miskovitch's argument rests entirely on the fact that the General Assembly omitted guilty but mentally ill in Section 6138(a)(1) of the Probation and Parole Act, while in other Pennsylvania statutes the General Assembly has explicitly delineated findings of guilty but mentally ill as a type of conviction, along with guilty verdicts and guilty and nolo contendere pleas and findings of not guilty due to insanity. For example, under Pennsylvania's Megan's Law,[7] individuals "convicted" of sexually violent offenses are required to register as sexual offenders; the term "convicted" in this context is defined to "[i]nclude[ ] conviction by entry of plea of guilty or nolo contendere, conviction after trial or court martial and a finding of not guilty due to insanity or of guilty but mentally ill." 42 Pa.C.S. § 9799.12. Similar definitions of the term "convicted" and "conviction" including determinations of guilty but mentally ill and not guilty by reason of insanity can be found in Pennsylvania statutes authorizing victims of crime to bring civil actions to recover the profits of crime and

---

7. 42 Pa.C.S. §§ 9799.10–9799.41.

regulating the HIV testing of inmates. *See* 42 Pa.C.S. § 8312(h); HIV–Related Testing for Sex Offenders Act, Act of October 25, 2012, P.L. 1630, No. 201, § 103, 35 P.S. § 7620.103.

Unlike Section 6138(a)(1), however, these statutes also include defendants found not guilty due to insanity within the class of "convicted" offenders. *See* 42 Pa.C.S. § 8312(h); 42 Pa.C.S. § 9799.12; 35 P.S. § 7620.103. In statutes that define a conviction to include an acquittal by reason of insanity, then it would be reasonable to read the omission by the General Assembly of the "middle-ground verdict" of guilty but mentally ill as intentional. *Commonwealth v. Trill,* 374 Pa.Super. 549, 543 A.2d 1106, 1116 (1988). However, given that a determination of guilty but mentally ill is a determination of guilt to all elements of the offense, there is no reason to list it separately in a statute except in the instances where the statute addresses other dispositions related to mental condition, such as not guilty due to insanity.

Even more telling are the numerous other Pennsylvania statutes that, like Section 6138(a)(1), authorize state action against individuals who are found guilty, plead guilty or plead nolo contendere to certain classes of crimes, but do not specifically include guilty but mentally ill findings or pleas. Extending the logic of Miskovitch's argument that the General Assembly intends to exclude guilty but mentally ill unless specifically mentioned to all Pennsylvania statutes would, for example, bar a school board from terminating the contract of a teacher who pleads guilty but mentally ill to an assault charge, though it could do so for a traditional guilty plea. Public School Code of 1949, Act of March 10, 1949, P.L. 30, § 1122, *as amended,* 24 P.S. § 11–1122. Similarly, the exclusion of guilty but mentally ill from the Pennsylvania Uniform Firearms Act of 1995, 18 Pa. C.S. §§ 6101–6127, would be understood as the General Assembly intending to prohibit the Pennsylvania State Police from blocking the purchase of a firearm by a person previously found guilty but mentally ill of robbery, though it could block the purchase of someone previously found guilty of the same crime. 18 Pa.C.S. §§ 6102, 6105. We do not believe that the fact that these statutes do not explicitly delineate guilty but mentally ill should be understood to mean that guilty but mentally ill was specifically excluded by the General Assembly, nor do we believe that it should do so here in Section 6138(a)(1) of the Prisons and Parole Code.

As part of our independent examination of the record, we next address three additional issues that, though not addressed in Miskovitch's *pro se* brief, were raised in the Petition for Review and discussed by Counsel in his *Anders* brief. *Dear,* 686 A.2d at 425. After a review of the record, we agree with Counsel's determination that each of these arguments is without merit.

■ First, the *Anders* brief addresses the argument that the Board lost jurisdiction over Miskovitch as a "parolee" when his original maximum term expired on August 26, 2008 and the Board declared him delinquent for control purposes on January 7, 2009. (R. Item 3, Board Administrative Action 1/7/2009, C.R. at 30.) This issue turns on whether Miskovitch is a "parolee under the jurisdiction of the [B]oard" under Section 6138(a)(1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(1), after his original maximum date expired and the Board lifted its warrant and detainer.

■ It is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole. *Reavis*

*v. Pennsylvania Board of Probation and Parole,* 909 A.2d 28, 34 (Pa.Cmwlth.2006); *Adams v. Pennsylvania Board of Probation and Parole,* 885 A.2d 1121, 1124 (Pa. Cmwlth.2005); *see also* 37 Pa.Code § 63.3 ("If the parolee violates the conditions of parole, at a time during his period on parole, the Board may cause his detention or return to a correctional institution."). Here, it is undisputed that the crimes to which Miskovitch pleaded guilty but mentally ill occurred in July and August 2004. The fact that Miskovitch did not enter his plea until April 27, 2010, after the expiration of the original term on August 26, 2008, is irrelevant. The Board's declaration that Miskovitch was delinquent for control purposes is also irrelevant; we have recognized that this particular Board action is merely an administrative action that does not signal the final disposition of an offender's case. *Passaro v. Pennsylvania Board of Probation and Parole,* 92 Pa.Cmwlth. 442, 499 A.2d 725, 726 (1985).

■ Next, Counsel addresses the issue of whether there existed substantial evidence of the convictions for the Board to issue a recommitment order. At the October 20, 2011 hearing, the Board introduced packets of documents as exhibits relating to each of the convictions, and these exhibits served as the basis for the December 5, 2011 recommitment order. (R. Item 11, H.T. pp. 15–28 & Exs. S–1–13, S–15–17, C.R. 561–74, 577–644, 652–78). The exhibits included sentencing orders signed by Judge David R. Cashman of the Allegheny County Court of Common Pleas; we have previously held that documents which are signed by the sentencing judge and reflect the sentence imposed are sufficient to establish convictions at a Board hearing. *Sanchez v. Pennsylvania Board of Probation and Parole,* 151 Pa.Cmwlth. 335, 616 A.2d 1097, 1101–02 (1992); *Anderson v. Pennsylvania Board of Probation and Parole,* 91 Pa.Cmwlth. 486, 497 A.2d 947, 950 (1985). That these convictions were based upon pleas of guilty but mentally ill does not, as discussed above, affect the Board's ability to use these convictions as a basis for Miskovitch's recommitment.

■ Finally, Counsel addresses the argument that the Board erred when it recalculated his original maximum term expiration to be September 24, 2015, failing to credit Miskovitch with thirty days of credit for time spent on electronic home monitoring. A parolee is not considered to be in "custody" during time spent on an electronic home monitoring program. *Commonwealth v. Kyle,* 582 Pa. 624, 634, 874 A.2d 12, 18 (2005); *Canty v. Pennsylvania Bd. of Probation and Parole,* 887 A.2d 831, 834 (Pa.Cmwlth.2005). As such, Miskovitch was not entitled to any credit for this period against his recalculated maximum term expiration date. *Johnson v. Murray,* 888 A.2d 28, 34 (Pa.Cmwlth. 2005); *Canty,* 887 A.2d at 834.

Accordingly, because we conclude that Counsel has satisfied the procedural requirements for withdrawal and that the issues presented in the Petition for Review are without merit, we grant the Petition for Leave of Court to Withdraw as Appellate Counsel and affirm the order of the Board.

### ORDER

AND NOW, this 6th day of September, 2013, the Petition for Leave of Court to Withdraw as Appellate Counsel filed by Timothy Peter Wile, Esquire, Assistant Public Defender of Montgomery County, in the above-captioned matter is hereby GRANTED and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.