# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Joseph Edwards, Jr., : 
                Petitioner : 
                : 
            v. : No. 518 C.D. 2016
                : Submitted: August 12, 2016
Pennsylvania Board of Probation and : 
Parole, : 
                Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: November 22, 2016**

Michael Joseph Edwards, Jr. (Edwards) petitions for review of the March 16, 2016 Order (March Order) of the Pennsylvania Board of Probation and Parole (Board), which affirmed the Board's December 30, 2015 Decision (December Decision), as modified by the Board's action mailed January 7, 2016 (January Decision), recalculating Edwards' maximum sentence date to October 19, 2016. On appeal, Edwards argues that the Board erred by failing to give him credit for all the time that he served solely under the Board's warrant in Butler County Prison as

a technical parole violator (TPV) under Act 122 of 2012.[1]  Because we discern no error in the Board's recalculation of Edwards' maximum sentence date, we affirm.

Edwards is currently an inmate at a state correctional institution (SCI).  On September 15, 2010, Edwards was sentenced by the Court of Common Pleas of Jefferson County to an aggregate term of one year, three months to five years in a SCI for the charges of Terroristic Threats with Intent to Terrorize Another; Violation of Intermediate Punishment; Harassment-Communication Repeatedly and Inconvenient Hours; Violation of Probation; and Simple Assault.  (Sentence Status Summary, C.R. at 1.)  Edwards' original minimum date was May 8, 2011, and his maximum date was February 8, 2015.  (Id. at 1, 3.)  On November 23, 2010, Edwards pleaded guilty to two counts of Theft of Movable Property in the Court of Common Pleas of Venango County and was sentenced to an aggregate term of one year, six months to five years in a SCI.  (Id.)  His original minimum date was August 8, 2011, and his original maximum date was February 8, 2015. (Id.)

On May 9, 2012, the Board granted Edwards parole.  On August 13, 2012, Edwards was released from SCI-Pittsburgh to Gaudenzia Erie, a community corrections center (CCC), subject to certain special conditions.  (Order to Release on Parole/Reparole and Conditions Governing Parole/Reparole, C.R. at 13-14.)  Edwards signed the conditions governing his parole, which notified him that "[i]f you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be

---

[1] Act No. 122 of 2012, Act of July 5, 2012, P.L. 1050, changed the recommitment terms for TPVs as set forth in Section 6138(c) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(c).

specified by the Board." (Id. at 14.) After two arrests for Public Drunkenness on February 23, 2013 and August 29, 2013, a parole agent issued written instructions to Edwards to complete the Halfway Back Program at Gateway Erie Drug and Alcohol Inpatient Program (Gateway) on August 30, 2013, effective September 4, 2013. (Supervision History, C.R. at 22.) After signing out of Gateway on September 26, 2013, and failing to return, the Board declared Edwards delinquent effective the same day, and issued a warrant to commit and detain on October 11, 2013. (Administrative Action, C.R. at 18; Warrant to Commit and Detain, C.R. at 19.) Edwards was arrested by the Oil City Police Department on October 11, 2013 as an absconder and for technical parole violations.[2] (Notice of Charges and Hearing, C.R. at 20.) Edwards was transported to Venango County Prison and then was to "be lodged at Butler County [Prison]" to serve his backtime as a TPV. (Supervision History, C.R. at 22; Order to Release on Parole/Reparole, C.R. at 42.) On October 16, 2013, the Board ordered the release of Edwards into the custody of two agents and issued a second warrant to commit and detain Edwards. (Order to Release from Temporary Detention, C.R. at 24-25.)[3]

On November 21, 2013, Edwards admitted to violating the conditions of his parole and waived his right to a preliminary hearing, a violation hearing, and counsel at those hearings. (Waiver of Violation Hearing and Counsel/Admission Form, C.R. at 26.) By decision mailed January 27, 2014, and reaffirmed by decision recorded March 17, 2014, the Board recommitted Edwards as a TPV to an

---

[2] Edwards was charged with violating conditions #2, change of approved residence without permission, and #7, failure to comply with the special condition to successfully complete the program at Gateway. (C.R. at 20.)

[3] It appears from the record that this action was related to Edwards' move from Venango County Prison to Butler County Prison. (C.R. at 22, 24-25, 27.)

SCI/contracted county jail to serve six months, pursuant to Act 122 of 2012, 61 Pa. C.S. § 6138(c), for multiple technical parole violations. (C.R. at 38-40.) The decision also stated that Edwards would be reparoled automatically on April 11, 2014. Edwards' maximum sentence date remained as February 8, 2015 based on a return to custody date of October 11, 2013. (Order to Recommit, C.R. at 47.) As of October 11, 2013, Edwards had 485 days left on his original sentence.

Edwards was automatically reparoled from Butler County Prison to Sharon CCC on April 11, 2014, at which time he had 303 days remaining on his original sentence. (Order to Release on Parole/Reparole and Conditions Governing Parole/Reparole, C.R. at 43-44.) Edwards again signed the conditions governing his reparole, which notified him that "[i]f you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges." (Id. at 44.) Edwards was also informed that "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (Id.) On June 16, 2014, Edwards left the Sharon CCC and did not return. (Supervision History, C.R. at 78.)

The Board declared Edwards delinquent effective June 16, 2014. (Administrative Action, C.R. at 49.) The Pennsylvania State Police arrested Edwards on July 20, 2014 for new criminal charges and technical parole violations of conditions #2 and #7, and the Board issued a warrant to commit and detain Edwards the same day. (Supervision History, C.R. at 73-74, 80.) Edwards was

4

held in Venango County Prison. Monetary bail was set in the amount of $25,000 on July 21, 2014, but was changed to $25,000 unsecured bail, which Edwards posted on September 15, 2014. (Criminal Docket, C.R. at 57.) Edwards remained in prison at SCI-Mercer after posting bail. (Moves Report, C.R. at 114.)

Edwards waived his right to a preliminary hearing, a violation hearing, and representation by counsel at those hearings on July 29, 2014, and admitted to violating conditions #2 and #7 of his parole. (Waiver of Violation Hearing and Counsel/Admission Form, C.R. at 82.) On the same day, Edwards also waived his right to representation by counsel and a detention hearing. (C.R. at 83.) By decision mailed September 30, 2014, the Board detained Edwards pending disposition of the new criminal charges and recommitted him to an SCI/contracted county jail for 7 months, 23 days as a TPV. (Board Decision, C.R. at 96-97.) The decision listed Edwards' new parole violation maximum date as March 14, 2015, adding the days of delinquency, and he was released on or about March 16, 2015. (Id. at 96; Moves Report, C.R. at 114.) By decision mailed March 26, 2015, the Board referred to its September 30, 2014 Decision and declared Edwards delinquent for control purposes effective June 27, 2014. (C.R. at 100.)

On March 26, 2015, pursuant to a plea agreement, Edwards pleaded guilty to Theft by Unlawful Taking, Simple Assault, and Recklessly Endangering Another Person in the Court of Common Pleas of Venango County. (Plea Agreement Form, C.R. at 101.) On April 28, 2015, Edwards was sentenced to 3 terms of 10 to 24 months in a SCI, of which the latter two terms would be served concurrently pursuant to a sentencing agreement. (Criminal Docket, C.R. at 65-66; Plea Agreement Form, C.R. at 101.) The Board issued a warrant to commit and detain Edwards dated April 1, 2015, which also stated that Edwards would receive a new

5

maximum sentence date due to his new criminal convictions. (C.R. at 103.) Edwards signed a Waiver of Revocation Hearing and Counsel/Admission Form on April 3, 2015, admitting that he pled guilty to new criminal charges. (C.R. at 104.) By decision mailed June 8, 2015, the Board affirmed its recommitment of Edwards as a TPV and recommitted him as a convicted parole violator (CPV), when available, to serve 18 months, concurrently, for a total of 18 months backtime. (C.R. at 115-16.) Edwards did not receive credit for time he spent at liberty on parole. (Hearing Report, C.R. at 108.) Edwards' new maximum sentence date was calculated as October 4, 2016, based on a return to custody date of April 28, 2015. (Order to Recommit, C.R. at 117.)

On June 14, 2015, Edwards filed an Administrative Remedies Form challenging his recommitment as a CPV and claiming that he was owed sentence credit for, *inter alia*, the time periods he spent at Gateway, Butler County Prison, and SCI-Mercer. (Pro Se Letter and Administrative Remedies Form, C.R. at 119-21.) On August 24, 2015, the Board indicated by letter that an evidentiary hearing would be held to determine whether Edwards was held at Gateway subject to conditions that are the equivalent to being in prison. (C.R. at 127.) Kent D. Watkins, Esquire (Counsel) entered his appearance on behalf of Edwards at the evidentiary hearing held on November 17, 2015. (C.R. at 147.) At the hearing, Counsel noted prior to the evidentiary phase that Edwards was granted time credit for the period from October 11, 2013 to April 11, 2014 via a prior Board action, but the time was not credited to his recalculated maximum date. (Evidentiary Hearing Report, C.R. at 149.)[4] Edwards was advised to readdress this issue with

---

[4] Based on the testimony at the hearing, the Board in its December Decision concluded that the restrictions on Edwards' liberty while he resided at Gateway were not the equivalent of

*(Continued…)*

6

the Board during the prescribed appeal period.  (Id.)  In its December Decision, the Board denied Edwards credit for the time he spent at Gateway, and did not consider Edwards' arguments with regard to credit for time spent at either Butler County Prison or SCI-Mercer.  (December Decision, C.R. 176-78.)  The Board's January Decision modified Edwards' maximum date from October 4, 2016 to October 19, 2016, due to a calculation error.  (January Decision, C.R. at 181; Modified Order to Recommit, C.R. at 179-80.)  The modified Order to Recommit indicated that Edwards forfeited 424 days of time he spent at liberty on parole, he received a total of 187 days credit for time served solely on the Board's warrant, and he had 540 days left on his original sentence.  (Id. at 179.)

Edwards filed a pro se request for administrative relief on January 6, 2016, stating that the only issue that was brought up at the evidentiary hearing was about his time spent at Gateway, and that the Board failed to address his challenge to the Board's failure to give him credit for all the time he spent in Butler County Prison from October 11, 2013 to April 11, 2014.  (C.R. at 182.)  Edwards subsequently filed an Administrative Remedies Form on January 13, 2016, challenging the Butler County Prison credit issue.[5]  (Administrative Remedies Form, C.R. at 188.)  By letter received by the Board on January 28, 2016, Counsel again entered his appearance on behalf of Edwards.  (C.R. at 191.)

In its March Order, the Board denied Edwards' two pro se appeals and concluded that Edwards waived any claim challenging the Board's December and

---

incarceration and, therefore, Edwards did not meet his burden of proof entitling him to credit under Cox v. Pennsylvania Board of Probation and Parole, 493 A.2d 680, 683 (Pa. 1985). (December Decision, Conclusions of Law ¶¶ 2-4.)

[5] Edwards did not challenge the December Decision denying him credit for time spent at Gateway.

January Decisions to the extent that they denied him credit for the time he spent at Gateway. (March Order, C.R. at 194.) The Board found that Edwards preserved his claim regarding the time he spent in Butler County Prison, and concluded that April 11, 2014 was "the day he began forfeiting credit for time at liberty on parole. In other words, any time he was incarcerated prior to April 11, 2014 has been credited to his sentence and was not disturbed by the Board's recalculation." (Id.) The March Order affirmed the December and January Decisions. Edwards petitions this Court for review.[6]

We note, initially, that in Edwards' brief to this Court, Counsel argues that the Board did not give Edwards credit for 90 days that he spent in SCI-Pittsburgh from January 7, 2014 to April 11, 2014, which would reduce Edwards' backtime owed to 435 days and change his maximum date to July 7, 2016. (Edwards' Br. at 11.)[7] However, Edwards has consistently argued, and Counsel argued at the hearing, that he was not given credit for the time he spent in Butler County Prison from October 11, 2013 to April 11, 2014, and the Board addresses that argument in its brief to this Court. (Administrative Remedies Form, C.R. at 188; Board's Br. at 11-14; Evidentiary Hearing Report, C.R. at 149.) Thus, we will address Edwards' argument on his Administrative Remedies Form that the Board failed to give him

---

[6] Our "review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." Miskovitch v. Pa. Bd. of Prob. and Parole, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

[7] Counsel also argues that the DOC Moves Report indicates that Edwards was moved to SCI-Pittsburgh on January 7, 2014, where he remained in custody until April 11, 2014. (Edwards' Br. at 11.) However, the Moves Report indicates that Edwards was received at SCI-Pittsburgh in error, and it appears that Edwards was returned to Butler County Prison immediately or soon after the error was discovered because he was reparoled from there on April 11, 2014. (Order to Release on Parole/Reparole, C.R. at 42-43; Moves Report, C.R. at 114.)

8

credit for the time he spent in Butler County Prison from October 11, 2013 to April 11, 2014. In response, the Board argues that Edwards was given credit for that time period, and it was properly included in the recalculation of his maximum sentence date.[8]

Section 6138(c) of the Parole Code, 61 Pa. C.S. § 6138(c), provides, in pertinent part, as follows:

> **(c) Technical violators.—**
> . . . .
> (2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.
>
> (3) The remainder shall be computed by the board from the time the parolee's delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole. The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the board.

61 Pa. C.S. § 6138(c)(2)-(3). As for CPVs, Section 6138(a) of the Parole Code, 61 Pa. C.S. § 6138(a), provides, in pertinent part, as follows:

> **(a) Convicted violators.—**
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or . . . to which the parolee pleads guilty . . . at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

---

[8] Neither Edwards nor the Board cite to any legal authority in the argument sections of their briefs.

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a)(1)-(2). The Board calculated Edwards' new maximum sentence date as follows.

When Edwards was released on parole from his original sentence on August 13, 2012, his maximum sentence date was February 8, 2015, and he had 909 days left on his original sentence. Edwards was recommitted as a TPV to serve six months in Butler County Prison from October 11, 2013 to April 11, 2014, a period of 182 days. His maximum sentence date remained as February 8, 2015. (Order to Recommit, C.R. at 47.) On April 11, 2014, Edwards was automatically reparoled, and as of that date, he had 303 days left on his original sentence.

Edwards was thereafter recommitted as a TPV to serve 7 months, 23 days and as a CPV to serve 18 months, when available, in a SCI, and, per Section 6138(a)(2) of the Parole Code, he received no credit for the time he spent at liberty on parole from August 13, 2012 to October 11, 2013, a period of 424 days.[9]

---

[9] Initially, the Board determined that Edwards forfeited 409 days of credit for the time he spent at liberty on parole from August 13, 2012 to September 26, 2013. (Order to Recommit, C.R. at 117.) The Board was not, however, permitted to give Edwards credit for the 15 days of delinquent time from September 26, 2013 to October 11, 2013. See 61 Pa. C.S. § 6138(c)(2) (TPVs receive "no credit for delinquent time"); see also 61 Pa. C.S. § 6138(a)(2) (providing that CPVs shall not be given credit for any time spent at liberty on parole, not taking into account delinquent time). Thus, the Board initially calculated Edwards' maximum sentence date incorrectly as October 4, 2016. (Order to Recommit, C.R. at 117.) The Board corrected its error in its January Decision to account for the 15 days Edwards was delinquent on parole from September 26, 2013, when he left Gateway and never returned, to October 11, 2013, when he returned to the Board's custody as a TPV. (Modified Order to Recommit, C.R. at 179.) The

*(Continued…)*

10

(Modified Order to Recommit, C.R. at 179.) As of October 11, 2013, Edwards had 909 days remaining on his original sentence. Edwards spent 182 days in Butler County Prison from October 11, 2013 to April 11, 2014. Subtracting 182 days from 909 days equals 727 days. Thus, when Edwards was reparoled on April 11, 2014, he would have had 727 days left on his original sentence if the Board gave him credit for the time spent in Butler County Prison. In addition, Edwards also had confinement credit for a period of 8 days from February 23, 2013 to February 25, 2013 and from August 29, 2013 to September 4, 2013, and 179 days from July 20, 2014 to July 21, 2014 and September 15, 2014 to March 12, 2015. (Id.) Subtracting all the confinement credit leaves 540 days remaining on his original sentence. (Id.) Adding 540 days to Edwards' return to custody date of April 28, 2015, results in a new maximum parole violation date of October 19, 2016, which is the date calculated by the Board. The Board thus gave Edwards credit for the time he served.

Accordingly, the Board did not err because it did give Edwards credit for all the time that he served solely under the Board's warrant in Butler County Prison as a TPV from October 11, 2013 to April 11, 2014.

For the foregoing reasons, the Board's March Decision Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

---

calculation of his maximum date was thereafter properly based on 424 days of parole liberty forfeited instead of 409 days.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Joseph Edwards, Jr., :
                          Petitioner :
                                        :
               v. : No. 518 C.D. 2016
                                        :
Pennsylvania Board of Probation and :
Parole, :
                        Respondent :

# O R D E R

NOW, November 22, 2016, the March 16, 2016 Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** Judge
