IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Horan,                                  :
                          Appellant             :
                                                :
              v.                                :
                                                :
Supt. Laurel Harry, Sec. John Wetzel,           :
Dir. Office of Population Management,            :   No. 508 C.D. 2020
and Dir. Health Care Services                   :   Submitted: March 12, 2021


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                          FILED:  July 30, 2021


        Patrick Horan (Horan) appeals the April 23, 2020 order of the Court of
Common Pleas of Northampton County (trial court) that dismissed, for lack of
jurisdiction, his Petition for Preliminary Injunction/Injunctive Relief (Petition)
pertaining to claims regarding his most recent prison transfer by the Pennsylvania
Department of Corrections (DOC).  During the pendency of this appeal, Horan filed
multiple additional applications for relief in this Court, each of which Horan titled
"Petition for Preliminary Injunction."  The first Petition for Preliminary Injunction,
filed September 18, 2020 (September 2020 Petition), requests a prison transfer
ostensibly based on alleged health risks Horan avers exist in his current prison
accommodations.  *See* September 2020 Petition.  The second Petition for
Preliminary Injunction, filed November 20, 2020 (November 2020 Petition), seeks
the same relief based on two grievances Horan filed with prison officials on
November 15, 2020, which were denied by the prison grievance coordinator.  *See*
November 2020 Petition at 1-2; *see also* Grievance 899399, attached as an exhibit

to the November 2020 Petition. The third Petition for Preliminary Injunction, filed March 4, 2021 (March 2021 Petition), echoes the claims of the September 2020 Petition, again requests a prison transfer based on alleged COVID-19-related health risks to Horan at the State Correctional Institution (SCI) where he is currently housed, and further requests a health risks assessment.[1] Upon review, we vacate the trial court's order dismissing the Petition and remand the matter to the trial court with instructions. Further, we dismiss the November 2020 Petition, the September 2020 Petition, and the March 2021 Petition as improvidently filed in our appellate jurisdiction.

## I. Background

On May 16, 2007, Horan entered a negotiated plea of guilty but mentally ill[2] in the trial court[3] to three criminal informations.[4] *See* Trial Court Order

---

[1] In addition to the November 2020 Petition, September 2020 Petition, and March 2021 Petition, in August 2020 Horan filed another application for relief, also styled as "Petition for Preliminary Injunction," in which, similar to the petitions discussed herein, Horan sought an order from this Court that would (1) direct that he be transferred to SCI-Mahanoy, (2) issue a stay preventing Laurel Harry and John Wetzel (Appellees) from removing his single-cell status, and (3) "institute" his original status from SCI-Retreat. *See* Petition for Preliminary Injunction filed August 13, 2020 (August 2020 Petition). By order dated August 31, 2020, this Court denied the August 2020 Petition for failure to establish the requirements for a preliminary injunction. *See* Commonwealth Court Order dated August 31, 2020 (August 31, 2020 Order). Thereafter, on September 4, 2020, Horan filed another application for relief, this one styled as "Motion In Opposition to Granting of Extension and In Opposition of Denial of Preliminary Injunction Regarding Removal of Z-Code (Single Cell) Status" (September 2020 Reconsideration Motion). *See* September 2020 Reconsideration Motion. After considering the September 2020 Reconsideration Motion, the Court confirmed the August 31, 2020 Order by order dated September 11, 2020. *See* Commonwealth Court Order dated September 11, 2020.

[2] A plea of guilty but mentally ill has the effect of a guilty plea. *See Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 71 (Pa. Cmwlth. 2013).

[3] The trial court also acted as the sentencing court in Horan's underlying criminal action. *See* Trial Court Order filed April 23, 2020 (Trial Court Order) at 2.

[4] Horan pleaded guilty but mentally ill to aggravated indecent assault, aggravated assault, attempted rape, burglary, attempted stalking, criminal trespass, loitering and prowling at night, and

2

filed April 23, 2020 (Trial Court Order) at 1. On August 31, 2007, the trial court sentenced Horan to an aggregate term of incarceration of 39 years, 10 months to 78 years, 8 months.[5] *See id.*

On April 16, 2020, Horan filed the Petition in the trial court.[6] *See* Petition; *see also* Trial Court Order at 2. To the extent his claims are discernable, the Petition claims that his most recent prison transfer from SCI-Retreat to SCI-Camp Hill has left Horan in a facility that lacks adequate mental health services to attend to his needs. *See* Petition at 2-7. Based on this claim, the Petition seeks an order that Horan be transferred or housed in a "therapeutic environment" within the DOC, "to provide him with opportunities to remain active so that he can occupy his mind[.]" Petition at 7. The Petition also makes references to the sentence imposed by the trial court in his underlying criminal matter and states that Horan's sentencing order required "that he be housed in a Secure Mental Health Facility that is able to provide therapeutic treatment conducive to [his] well-being[,]" arguably asserting that his transfer to SCI-Camp Hill does not comport with the sentencing order from his underlying criminal matter.[7] *See* Petition at 1, 2, 3 & 7.

On April 23, 2020, the trial court dismissed the Petition for lack of jurisdiction. *See* Trial Court Order at 1-2; *see also* Trial Court Pennsylvania Rule of

---

criminal mischief. *See* Docket Nos. CP-48-CR-0002572-2006, CP-48-CR-0002868-2006 & CP-48-CR-0002881-2006.

[5] The trial court also found Horan to be a sexually violent predator. *See* Trial Court Order at 1.

[6] Upon filing, the Court of Common Pleas of Northampton County addressed the Petition to the sentencing judge from Horan's underlying criminal matter. *See* Trial Court Order at 2.

[7] Horan also complains that his recent transfer has resulted in a reduction of wages earned from his in-prison employment, but he does not request specific relief based on this claim. *See* Petition at 2 & 7.

Appellate Procedure 1925(a) Statement filed May 20, 2020. The trial court explained as follows:

> We deny this request for a [p]reliminary [i]njunction and/or [i]njunctive [r]elief as we have no subject matter jurisdiction to review administrative decisions and other policy related matters of a Pennsylvania state agency.
>
> Original jurisdiction for inmate complaints related to the terms and conditions of incarceration and other administrative matters of the [DOC] lies with the Commonwealth Court of Pennsylvania.

Trial Court Order at 2. This appeal followed.

## II. Discussion

On appeal, Horan claims the trial court erred by dismissing the Petition. *See* Horan's Br. at 4, 8-15. Horan argues that the trial court has jurisdiction over the Petition by virtue of having imposed Horan's criminal sentence in the first instance and the trial court erred, therefore, in determining that jurisdiction for the Petition properly lay with this Court. *See id.*

### A. *Jurisdiction*

The Commonwealth Court generally retains jurisdiction over civil suits filed against statewide actors. *See* 42 Pa.C.S. § 761(a). This includes jurisdiction over inmate complaints and administrative matters involving the DOC. *See Weaver v. Pa. Dep't of Corr.*, 829 A.2d 750 (Pa. Cmwlth. 2003). Thus, to the extent the Petition's underlying complaints relate to the DOC's administrative decisions regarding Horan's most recent prison transfer, the trial court correctly determined that it lacked jurisdiction to decide these claims.

4

Ordinarily, erroneously filed matters are subject to transfer from the court in which the matter was erroneously filed to the appropriate court. *See* 42 Pa.C.S. § 5103(a).[8] A court may refuse to transfer an improvidently filed case in the interest of judicial economy, however, where the court determines that the transferee court could not grant the requested relief. *See Smock v. Commonwealth*, 436 A.2d 615, 617 (Pa. 1981).

The trial court in this matter did not dismiss the Petition based on a determination that the Commonwealth Court, as the appropriate court of review, would under no circumstances be able to grant Horan's requested relief. Instead, the trial court dismissed the action based solely on a determination that jurisdiction properly lay with the Commonwealth Court. Dismissal of the matter by the trial court for this reason alone was error. In the absence of a determination by the trial court that the proper court could not have granted the relief sought by Horan based

---

[8] Section 5103(a) of the Judicial Code provides as follows:

> **General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a).

on an evaluation of the underlying claims, the proper action was not to dismiss the matter, but rather to transfer the matter to the appropriate court for determination, which was, regarding the claims concerning the DOC's administrative decision to transfer Horan, the Commonwealth Court. *See* 42 Pa.C.S. § 5103. Because the trial court erred, therefore, we must vacate the trial court's April 23, 2020 order dismissing the Petition and remand the matter to the trial court for further action.

We note, however, that we cannot discern from the Petition whether Horan simply complains of the DOC's decision to transfer him, or whether instead he also raises a separate claim that he has been denied the benefit of the sentence imposed as a result of his guilty plea, which would require a determination of whether the alleged plea agreement/sentence term actually formed a part of the plea agreement and sentence imposed. *See Commonwealth v. Martinez*, 147 A.3d 517, 533 (Pa. 2016) (noting that, a convicted criminal is entitled to specific performance of the terms of a guilty plea where a court determines that the alleged term is part of the parties' plea agreement). The trial court's criminal division, not civil division, is the appropriate court in which to determine such a claim. *See id.*

### III. Conclusion

Because we find the trial court improperly dismissed the Petition for the sole reason that jurisdiction over the claims therein properly lay with this Court, we vacate the trial court's April 23, 2020 order dismissing the Petition for lack of jurisdiction. Further, we remand to the trial court with direction that it make a determination as to whether this Court, in our original jurisdiction, can grant the relief Horan seeks in the Petition. In so doing, the trial court may direct Horan to file an amended pleading, setting forth with greater clarity the nature of his complaint against the named defendants and the relief that he seeks. If the trial court

6

determines that this Court has original jurisdiction over the complaint and can grant the relief Horan seeks in our original jurisdiction, it shall transfer the matter to this Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a). If the trial court determines that this Court has original jurisdiction over the complaint but cannot grant the relief Horan seeks, it may transfer the matter to this Court's original jurisdiction or, in the interest of judicial economy, dismiss the action. *Smock*.

Additionally, as noted above, to the extent Horan seeks specific performance of the terms of his criminal plea agreement, he should pursue such a claim via an appropriate filing under his criminal case docket number, not through a new civil action in the common pleas court or this Court.

Finally, we dismiss Horan's additional filings under the instant docket number, each titled Petition for Preliminary Injunction, specifically the September 2020 Petition, the November 2020 Petition, and the March 2021 Petition, all of which are applications for relief that make claims and seek remedies against alleged Commonwealth entities and officers thereof, as improvidently filed in this Court's appellate jurisdiction. *See* 42 Pa.C.S. § 761.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Horan,                                                    :
                     Appellant                      :
                                     :
                 v.                             :
                                       :
Supt. Laurel Harry, Sec. John Wetzel,     :
Dir. Office of Population Management,      :   No. 508 C.D. 2020
and Dir. Health Care Services             :


PER CURIAM                      O R D E R


AND NOW, this 30th day of July, 2021, the April 23, 2020 order of the Court of Common Pleas of Northampton County (trial court) is VACATED and the matter is REMANDED to the trial court for further proceedings consistent with the opinion filed herewith.

Patrick Horan's Petitions for Preliminary Injunction filed September 18, 2020, November 20, 2020, and March 4, 2021, are DISMISSED as improvidently filed in this Court's appellate jurisdiction.

Patrick Horan's Motion to Expedite filed June 2, 2021, is DISMISSED as moot.

The Prothonotary of this Court is directed to forward a copy of this decision and order to the Prothonotary of the Court of Common Pleas of Northampton County and the Honorable Steven G. Baratta, individually.

Jurisdiction relinquished.