IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dajaun Saunders,                              :
                        Petitioner          :
                                    :
        v.                                    :   No. 248 C.D. 2021
                                    :   Submitted: November 4, 2022
Pennsylvania Parole Board,                     :
                     Respondent          :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                        FILED: December 19, 2022

        Dajaun Saunders (Saunders) petitions for review of the order entered by the Pennsylvania Parole Board (Board) on March 24, 2021, denying his request for administrative relief. This case returns to us after we ordered Saunders' prior counsel to file (1) a new application to withdraw and amended no-merit letter or (2) an advocate's brief.[1] Michael J. Fiorillo, Esq., has entered his appearance for Saunders and has filed an advocate's brief.[2] We affirm.

## I. BACKGROUND

        In our prior decision, we briefly summarized the facts. Saunders pleaded guilty to possession with intent to deliver a controlled substance and criminal use of a communication facility. On December 8, 2017, the Court of Common Pleas of Lackawanna County (trial court) sentenced Saunders to two to

---

[1] Prior counsel failed to explain how and why she concluded that Saunders' appellate claims lack merit. *Saunders v. Pa. Parole Bd.* (Pa. Cmwlth., No. 248 C.D. 2021, filed Apr. 13, 2022), 2022 WL 1100546.

[2] Saunders' prior counsel did not file a *praecipe* to withdraw. *See generally* Pa.R.A.P. 120.

four years of imprisonment followed by one year of probation, resulting in a maximum sentence date of July 19, 2021. Eventually, Saunders was released to GEO Scranton[3] on parole on November 28, 2018. One of the parole conditions was that the Board could deny credit for time spent at liberty on parole (street time) if Saunders was convicted of a crime committed while on parole. On December 13, 2018, Saunders was involved in a domestic incident and absconded from GEO Scranton. The Board declared Saunders delinquent on December 14, 2018.

The police eventually arrested Saunders on April 11, 2019, and charged him with various offenses stemming from the domestic incident. The trial court set bail, but Saunders never posted bail. As a result of the domestic incident, Saunders pleaded guilty to simple assault. On January 7, 2020, the trial court sentenced Saunders to one to two years of imprisonment.

Meanwhile, also on April 11, 2019, the Board charged Saunders as a technical parole violator (TPV) for violating a condition of his parole, specifically, leaving his approved residence without written permission. Saunders waived his rights to counsel and several hearings, and he admitted to violating his parole. Waiver of Violation Hr'g & Counsel/Admission Form, 4/15/19. The Board recommitted Saunders as a TPV and calculated Saunders' new maximum sentence date as November 15, 2021.

On February 28, 2020, the Board recommitted Saunders as a convicted parole violator (CPV) to serve 15 months of backtime,[4] with a new maximum sentence date of August 28, 2022. Saunders timely filed for administrative relief with the Board, and the Board denied relief in a decision that was mailed on March

---

[3] According to Saunders, GEO Scranton is a halfway house. Saunders' Br. at 5.
[4] Backtime is the "unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

24, 2021. Meanwhile, Saunders also filed a premature petition for review, which this Court accepted as a petition for review from the Board's March 24, 2021 decision.

## II. DISCUSSION[5]

Saunders raises one issue, in which he asserts that the Board erred because it failed to credit his original sentence for (1) street time and (2) time spent in prison following his detainer as a TPV. Saunders' Br. at 4. In Saunders' view, he should have been given credit for the street time before he absconded from GEO Scranton. *Id.* at 9 (citing *Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019)). Saunders also concisely claims that he should have been granted credit for the time spent in prison as a TPV. *Id.* at 9-10.[6]

In *Kazickas v. Pennsylvania Board of Probation & Parole*, 226 A.3d 109 (Pa. Cmwlth. 2020), the petitioner argued "the Board erred by forfeiting his street time credit upon his recommitment as a CPV following his recommitment as a TPV with credit for time served on parole in good standing." *Kazickas*, 226 A.3d at 115. In *Kazickas*, the petitioner was paroled from his original sentence, and during his parole, was arrested and charged with new criminal offenses. *Id.* at 111. The Board recommitted the petitioner as a TPV with credit for street time. *Id.* at 112. Subsequently, the petitioner was convicted of the new criminal charges, and the Board recommitted the petitioner as a CPV without any credit for street time. *Id.* at 113-14.

---

[5] We review the Board's decision to determine whether constitutional rights were violated, whether there was an error of law, and whether the record supports the Board's findings. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

[6] Saunders has withdrawn a second issue preserved in his Petition for Review, in which he contended that his 15-month backtime sentence violates Double Jeopardy. Saunders' Br. at 10 (acknowledging that a parole revocation sentence does not violate the United States Constitution).

The *Kazickas* Court acknowledged that "when the Board recommits a CPV, it cannot revoke the credit that a parolee has been granted in a previous parole that resulted in recommitment as a TPV." *Id.* at 116 (citation omitted). However, the Board can revoke such credit if the petitioner commits "the technical and criminal parole violations at issue . . . in the *same* parole period." *Id.* The *Kazickas* Court distinguished *Penjuke* because that case involved a technical parole violation in a past period of parole, *i.e.*, not the same parole period. *Id.* In sum, the Board can award the petitioner credit for street time when it recommits the petitioner as a TPV, and then later revoke that credit when it recommits the petitioner as a CPV. *Id.*

Here, like the petitioner in *Kazickas*, Saunders has also contended that the Board granted him credit for street time prior to his recommitment as a TPV, but then improperly revoked that same credit when the Board recommitted him as a CPV. *See* Saunders' Br. at 9-10. Identical to the petitioner in *Kazickas*, Saunders also committed the new criminal offenses (which led to his recommitment as a CPV), during the same parole period prior to his recommitment as a TPV. *See* Saunders' Br. at 5-6. To the extent Saunders relied on *Penjuke* and similar cases, he is not entitled to relief as he committed "the technical and criminal parole violations" in the same parole period. *See Kazickas*, 226 A.3d at 116. Finally, to the degree that Saunders has argued he was entitled to credit for the prison time served as a TPV, we note that because Saunders failed to post bail on the new criminal charges, "the time spent in custody shall be credited to [the] new sentence," and not his original sentence. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Therefore, Saunders is due no relief.

4

## III. CONCLUSION

For these reasons, we affirm the Board's March 24, 2021 order.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dajaun Saunders,                          :
                        Petitioner       :
                                         :
          v.                             :     No. 248 C.D. 2021
                                         :
Pennsylvania Parole Board,               :
                        Respondent       :

# **O R D E R**

AND NOW, this 19th day of December, 2022, we affirm the order of the Pennsylvania Parole Board entered March 24, 2021.

_____
LORI A. DUMAS, Judge