IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lee Brantley,                    :
                          Petitioner     :
                                         :
              v.                         :
                                         :
Pennsylvania Board of Probation          :
and Parole and the Pennsylvania          :
Department of Corrections,               :    No. 1372 C.D. 2016
                          Respondents    :    Submitted: April 28, 2017


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: August 8, 2017


        William Lee Brantley (Brantley) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) June 21, 2016 decision denying his request for administrative relief. Brantley is represented by Wayne County Public Defender, Steven E. Burlein, Esquire (Counsel), who has filed a Motion for Leave to Withdraw as Counsel (Withdrawal Application). After review, we deny Counsel's Withdrawal Application.

        Brantley is an inmate at the State Correctional Institution (SCI) at Waymart (SCI-Waymart). On March 12, 1999, Brantley was sentenced to 5 to 10 years of incarceration for robbery (Original Sentence). On April 8, 2002, Brantley was paroled to Joseph E. Coleman Center, a community corrections center (CCC). On May 8, 2003, Brantley was recommitted as a technical parole violator to SCI-Graterford. On February 2, 2004, Brantley was paroled to the Kintock-Erie, a CCC (Kintock-Erie). On July 5, 2004, Brantley absconded from Kintock-Erie and failed to

return. On July 31, 2004, Brantley was arrested on bank robbery charges. He was convicted of those charges on July 12, 2005, and was sentenced to 144 months of incarceration in a federal institution and 3 years of probation.

On January 12, 2015, Brantley was transferred to SCI-Waymart. On April 1, 2015, the Board notified Brantley that, on February 26, 2015, it voted to recommit him as a technical parole violator to serve 6 months backtime and to recommit him as a convicted parole violator to serve the unexpired term of his Original Sentence. The Board calculated Brantley's maximum sentence release date as October 16, 2018. On April 29, 2015, Brantley submitted an administrative remedies form wherein he challenged the Board's calculation, specifically objecting to the Board's failure to credit his time in Kintock-Erie. On November 10, 2015, the Board held a hearing to take evidence regarding the nature of Brantley's stay at Kintock-Erie. On December 30, 2015, the Board issued its decision denying Brantley credit for time spent at Kintock-Erie.

On January 21, 2016, Brantley filed an administrative remedies form challenging the Board's authority to recalculate his maximum release date, as well as the Board's calculations of his backtime owed. Brantley also submitted a memorandum of law in support of his argument that the Board lacked authority to place parolees into CCCs such as Kintock-Erie. Brantley also argued that he is entitled to backtime for the periods April 8, 2002 to September 11, 2002, September 11, 2002 to October 11, 2002, and February 2, 2004 to July 5, 2004 during which he alleged he was in good standing with the Board. On June 21, 2016, the Board issued its decision denying Brantley relief.

2

On August 16, 2016, Brantley, pro se, filed a petition for review[1] in this Court, wherein he alleged the Board erred in denying him credit for the periods April 8, 2002 to September 11, 2002, September 11, 2002 to October 11, 2002, and February 2, 2004 to July 5, 2004. He further averred that the Board lacked authority to recalculate his maximum release date and to place parolees in CCCs, and improperly calculated his backtime.[2] By September 9, 2016 Order, this Court appointed Counsel. On January 23, 2017, Counsel filed his Withdrawal Application and an *Anders* brief.[3]

Initially,

> [w]hen evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, our first task is to determine whether counsel satisfied the following procedural requirements: (i) he must notify the inmate of his request to withdraw; (ii) he must furnish the inmate with a copy of a brief in accordance with *Anders* . . . , or a no-merit letter; and (iii) he must advise the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf.

---

[1] On July 13, 2016, Brantley filed a mandamus action with this Court seeking reversal of the Board's June 21, 2016 decision. This Court dismissed the mandamus action, but preserved the July 13, 2016 filing date for Brantley's petition for review.

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[3] *Anders v. State of Cal.,* 386 U.S. 738 (1967). Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

*Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).[4]

Here, Counsel represents in his *Anders* brief that he has satisfied the technical requirements for withdrawal. Counsel attached to his Withdrawal Application his January 20, 2017 letter to Brantley transmitting the *Anders* brief and Withdrawal Application, and his proof of service. In the letter, Counsel informed Brantley that Counsel reviewed the issue Brantley appealed, together with the subject record, and found no merit in Brantley's position. Counsel further advised Brantley in the letter of Brantley's right to answer or object to the *Anders* brief and/or Withdrawal Application. Finally, in the letter, Counsel notified Brantley of his right to proceed pro se or to hire a private attorney.

Notwithstanding, we find that Counsel did not satisfy the procedural prerequisites for withdrawal. Although Counsel in his *Anders* brief maintains that Brantley's request for credit while at Kintock-Erie from February 2, 2004 to July 5, 2004 lacks merit and explains the basis for this contention, he does not address the merits of Brantley's claims for credit during the periods April 8, 2002 to September 11, 2002 and September 11, 2002 to October 11, 2002. In addition, counsel failed to address Brantley's claims that the Board lacked authority to recalculate his maximum release date and place parolees in CCCs, and improperly calculated his backtime. Accordingly, we conclude that Counsel has not satisfied the procedural prerequisites for his withdrawal, and therefore deny Counsel's Withdrawal Application.

---

[4] Because Brantley has only a statutory right to counsel, counsel need only submit a no-merit letter in support of a petition to withdraw.

> A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. . . . We will not deny a motion to withdraw in cases where a no-merit letter is sufficient but counsel has instead chosen to submit an *Anders* brief; we will instead judge the case by the lack of merit standard inherent in a no-merit letter.

*Miskovitch*, 77 A.3d at 69-70.

Counsel's Withdrawal Application is denied without prejudice. Counsel has 30 days to either file an amended Withdrawal Application and *Anders* brief that adequately addresses each of the issues raised in Brantley's request for administrative relief, or submit a brief on the merits.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lee Brantley,  :
                Petitioner  :
                                    :
             v.  :
                                    :
Pennsylvania Board of Probation  :
and Parole and the Pennsylvania  :
Department of Corrections,  :    No. 1372 C.D. 2016
                Respondents  :

## O R D E R

AND NOW, this 8th day of August, 2017, Wayne County Public Defender, Steven E. Burlein, Esquire's (Counsel) Motion for Leave to Withdraw as Counsel is DENIED. Counsel is granted 30 days from the date of this Order to either file a renewed application to withdraw and an amended *Anders v. State of Cal.,* 386 U.S. 738 (1967) brief, or submit a brief on the merits.

                                      _____
                                      ANNE E. COVEY, Judge