# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Norcross,       :
      :
      Petitioner   :
      :
      v.      : No. 1790 C.D. 2019
      : Submitted: July 24, 2020
Pennsylvania Board of Probation   :
and Parole,       :
      :
      Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                   FILED: March 18, 2021


Peter Norcross (Norcross) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board)[1] that denied his request for administrative review challenging the calculation of his parole violation maximum date. Also before us is a petition to withdraw as counsel filed by Norcross's court-appointed attorney, David Crowley, Esquire (Attorney Crowley), on the ground that

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

Norcross's appeal is without merit. For the reasons that follow, we grant Attorney Crowley's petition to withdraw as counsel, and we affirm the Board's order.

## I.    Background

On December 12, 2014, Norcross was sentenced to a term of 2 years and 22 days to 5 years and 6 months in state prison based on his guilty plea to three drug-related offenses. Certified Record (C.R.) at 1-2. Norcross's original maximum sentence date was April 18, 2020. *Id.*

On November 14, 2016, the Board paroled Norcross to a community corrections residency. C.R. at 4-6. At the time Norcross was paroled, there were 1,251 days remaining on his sentence. On July 3, 2017, while on parole, Norcross was arrested and charged with possession of a controlled substance. *Id.* at 13-15. That same day, the Board issued a warrant to commit and detain Norcross for parole violations. *Id.* at 17. The Luzerne County Court of Common Pleas (trial court) set monetary bail, which Norcross did not post. *Id.* at 19. On July 12, 2017, Norcross pleaded guilty to possession of a controlled substance but was not sentenced to a period of confinement. *Id.* at 25. On July 21, 2017, Norcross waived his right to a violation hearing and was detained at the York County Parole Violator Center (PV Center) pending completion of recommended programming. *Id.* at 30. On September 14, 2017, Norcross was released from the PV Center.

On June 27, 2018, Norcross was arrested on drug charges. *Id.* at 42. That same day, the Board issued a warrant to commit and detain Norcross for parole violations. *Id.* at 42. The trial court set monetary bail, which Norcross did not post. *Id.* at 47. On August 1, 2018, the Board rendered a decision to detain Norcross pending disposition of the new criminal charges. *Id.* at 52. On October 29, 2018, Norcross pleaded guilty to delivery of a controlled substance. *Id.* at 94. Norcross

2

was sentenced to a period of incarceration of not less than 13 months nor more than 20 months with credit for 245 days served. *Id.* at 94.

The Board charged Norcross as a convicted parole violator (CPV) based on his new conviction. C.R. at 61. Norcross signed a waiver of revocation hearing and a counsel/admission form and a waiver of panel hearing relative to the conviction. *Id.* at 63-64. A hearing examiner determined that Norcross should be recommitted as a CPV to serve 18 months of backtime with no credit for the time that he spent at liberty on parole, citing the similarity between the new conviction and his original conviction. *Id.* at 69-72. On December 4, 2018, the Board revoked Norcross's parole when the second signature was placed on the hearing report. *Id.* at 73.

By decision mailed December 7, 2018, the Board recommitted Norcross as a CPV to serve 18 months' backtime. C.R. at 85. On April 22, 2019, Norcross received a second Board decision, referencing the December 7, 2018 decision, denying Norcross credit for street time. *Id.* at 104. The Board credited Norcross with the 71 days that he was detained solely on the Board's warrant in the PV Center. The Board added the remaining 1,180 days from Norcross's original sentence to his custody for return date, February 25, 2019, making Norcross's new maximum sentence date May 20, 2022. *Id.* at 102. The Board declared that he would not be eligible for parole until August 25, 2020. *Id.* at 104.

On April 29, 2019, Norcross, representing himself, submitted an appeal and a request for administrative review of the Board's decision, challenging the Board's authority to alter the sentencing judge's April 18, 2020 maximum sentence date. C.R. at 108-110. Norcross also argued that because his new conviction was for a nonviolent offense, he could not be forced to forfeit his street time. *Id.* at 108.

3

On the same day, Norcross filed a counseled administrative review request seeking proof that the Board's decision to deny credit for street time was made contemporaneously with its decision to recommit him as a CPV. *Id.* at 106. On October 24, 2019, Norcross sent a letter to the Board inquiring about the status of his appeal and requests for administrative review, raising a new issue regarding the Board's denial of credit for the days that he was paroled to a community corrections residency and complaining generally that the Board miscalculated his maximum sentence date. *Id.* at 112. By decision mailed December 9, 2019, the Board denied Norcross's appeal and request for administrative review upon determining that the Board did not miscalculate his maximum sentence date and properly denied credit for street time, and affirmed its recommitment decision. *Id.* at 116.

From this decision, Attorney Crowley filed a petition for review on Norcross's behalf. Shortly thereafter, Attorney Crowley filed a petition to withdraw as counsel along with a no-merit letter based on his belief that Norcross's appeal is without merit. This matter is now before us for disposition.

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to the Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wishes to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth.

4

2009).[2] The no-merit letter must include "substantial reasons for concluding that a petitioner's arguments are meritless." *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) provide the petitioner with a copy of the brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, the Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines that the petitioner's claims lack merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Crowley's no-merit letter satisfies the technical requirements of *Turner*. Attorney Crowley states that he has conducted a review of the record, applicable statutes, and case law. He sets forth the issues that Norcross wishes to have reviewed, specifically that the Board: (1) lacks the authority to alter Norcross's judicially imposed maximum sentence date; (2) erred by denying credit

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes*, 977 A.2d at 25-26. Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

for street time because he is a nonviolent offender; (3) did not render the recommitment decision and decision to deny credit for street time contemporaneously; (4) erred in denying credit for the time he was at a community corrections residency; and (5) incorrectly recalculated his maximum sentence date. Attorney Crowley provides a thorough analysis as to why these issues lack merit, citing the applicable statutes, regulations, case law and certified record in support of his conclusions.

First, Attorney Crowley explains that the Board's recalculation of Norcross's maximum sentence date is not an alteration of a judicially imposed sentence. Attorney Crowley cites well-settled case law explaining that the Board's recalculation of Norcross's maximum sentence date after his recommitment as a CPV is proper. Second, the Board has the discretion to credit a nonviolent CPV with street time, but it is not required to do so. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). Third, the Board provided a contemporaneous reason for its decision to not award Norcross credit for street time, in compliance with *Pittman*. *Id.* Fourth, Attorney Crowley explained that Norcross waived challenging the Board's decision to not award him credit for the time spent in a community corrections residency by failing to raise the issue in his April 29, 2019 appeal and administrative review request. Finally, Attorney Crowley explains that the Board did not miscalculate Norcross's new maximum sentence date. Attorney Crowley explained that a parolee who is convicted of a crime while on parole may be recommitted to serve the unserved portion of his original maximum sentence and may be denied credit for street time. 61 Pa. C.S. §6138(a)(2).

Based on his review, Attorney Crowley concludes that Norcross's appeal to this Court lacks merit, and he requests permission to withdraw. Attorney

6

Crowley provided Norcross with a copy of the no-merit letter and his request to withdraw. He advised Norcross of his right to retain new counsel or proceed *pro se*.[3] As we are satisfied that Attorney Crowley has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Norcross's petition for review lacks merit.[4]

### III. Independent Review

Norcross first asserts that the Board lacks the authority to alter his "judicially imposed sentence" by recalculating his original maximum sentence date. We disagree. It is well settled that the Board, when recalculating the sentence of a CPV, is not encroaching upon the judicial powers. Rather, the Board is requiring the parole violator to serve his entire sentence under the authority granted to it by the General Assembly. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). In executing this duty, the Board cannot impose backtime in excess of the remaining balance of the parolee's unexpired term because fixing the sentence is a judicial function.

Here, the Board initially paroled Norcross on November 14, 2016, 1,251 days short of his April 18, 2020 maximum sentence date. C.R. at 102. By decision mailed December 7, 2018, the Board recommitted Norcross as a CPV to serve his unexpired term of 1,180 days, giving Norcross credit for the 71 days that

---

[3] Norcross did not retain new counsel or file a *pro se* brief in support of his petition for review.

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the Board's adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

he was detained solely on the Board's warrant. *Id*. The Board did not err by recommitting Norcross to serve the time remaining on his original judicially imposed sentence.

Norcross next asserts that the Board erred by refusing to award him credit for the time he spent at liberty on parole. Section 6138(a)(2.1) of the Parole Code grants the Board discretion to award credit to a CPV recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii). 61 Pa. C.S. §6138(a)(2.1); *Pittman*, 159 A.3d at 473. When exercising this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id*. Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id*. at 474-75 and n.12. Where the Board denies credit for time served at liberty on parole, that time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

In Norcross's case, he was not convicted of a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa. C.S. §9714(g). *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii). Therefore, the Board had discretion to grant or deny Norcross credit for the time that he was at liberty on parole. 61 Pa. C.S. §6138(a)(2.1); *Pittman*. Here, the Board stated that it declined to credit Norcross with the time that he spent at liberty on parole, citing the similarity of the new offense

8

and Norcross's original offense.  C.R. at 69, 104.  Upon review, we find no error in the Board's decision to deny credit for street time.

Norcross, in his counseled administrative review request, questions if the Board's decision to deny credit for street time was made contemporaneously with its decision to recommit him as a CPV.  The Board's decision to recommit Norcross as a CPV was mailed on December 7, 2018.  C.R. at 85-86.  Norcross states that he was not notified of the Board's decision to deny credit for street time until April 22, 2019.  *Id.* at 104.  The Pennsylvania Supreme Court has held that, pursuant to Section 6138(a)(2.1) of the Code, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole."  *Pittman*, 159 A.3d at 475.  The revocation hearing report establishes that the decision to deny Norcross credit for street time was made contemporaneously with the decision to recommit him as a CPV, in compliance with *Pittman*.  C.R. at 67-73.

Further, Norcross argues that the Board failed to award credit for the time that he spent in the community corrections residency between April 14, 2016, and April 4, 2017.  However, Norcross failed to raise this issue in his April 29, 2019 administrative appeal and administrative review request to the Board.  C.R. at 108.  Administrative appeals and petitions for administrative review must be received by the Board's central office within 30 days of the Board's decision.  37 Pa. Code §73.1(a)(1), (b)(1).  Second or subsequent administrative appeals and appeals which are out of time will not be received.  37 Pa. Code §73.1(a)(4).  The same rule applies to petitions for administrative review.  37 Pa. Code §73.1(b)(3).  Moreover, it is well settled that issues not raised before the Board at the revocation hearing or in an administrative appeal or request for administrative review are waived.  *Chesson v.*

9

*Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

Here, the Board decision Norcross challenges was rendered on April 22, 2019. The final day for Norcross to file his appeal or administrative review request was May 22, 2019. Norcross first raised this issue in his October 21, 2019 letter to the Board inquiring about the status of his appeal and administrative review request, 152 days after the appeal period closed. *Id.* at 112; 37 Pa. Code §73.1(a)(1), (4) and (b)(1), (3). Therefore, Norcross has waived the issue.

Finally, Norcross complains generally that the Board erred in its recalculation of his maximum sentence date, and failed to account for all the time he was incarcerated. As discussed above, the Board was within its discretion to deny credit for Norcross's street time, and properly recalculated his maximum sentence date.

## IV. Conclusion

Upon review, we agree with Attorney Crowley that Norcross's claims are without merit. Accordingly, we grant Attorney Crowley's petition to withdraw as counsel, and we affirm the order of the Board denying Norcross's request for administrative review.

_____
MICHAEL H. WOJCIK, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Norcross,               :
                                :
              Petitioner     :
                                  :
            v.              : No. 1790 C.D. 2019
                                  :
Pennsylvania Board of Probation   :
and Parole,                  :
                                  :
             Respondent : 

# **O R D E R**


AND NOW, this 18th day of March, 2021, the petition to withdraw as counsel filed by David Crowley, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated December 9, 2019, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge