IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Ruby,                          :
                Petitioner             :
                                       :
        v.                             :    No.  928 C.D. 2021
                                       :
Pennsylvania Parole Board,             :    Submitted:  July 29, 2022
                Respondent             :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: November 2, 2022


        Ryan J. Dobo, Esquire (Counsel), of the Clearfield County Public
Defender's Office, petitions the Court for leave to withdraw as counsel on behalf of
Anthony Ruby (Ruby).  Through Counsel, Ruby petitions for review of the order of the
Pennsylvania Parole Board (Board), mailed July 22, 2021, which determined that
Ruby's recalculated maximum parole date, November 6, 2022, included all applicable
credits.  Upon review, we grant Counsel's application for leave to withdraw appearance
and affirm the Board's order.


## I.    Background and Procedural History

        The relevant facts of this appeal are as follows.  In December 2012, Ruby
was sentenced to a four-year, six months to nine-year, six months term after pleading
guilty to various forgery, firearm-related, and tampering with records or identification

offenses. (Certified Record (C.R.) at 1-2.) Ruby's original maximum sentence date was August 19, 2021. (C.R. at 1, 3.)

On November 19, 2016, the Board ordered Ruby to be released on parole and his actual release date was November 21, 2016. (C.R. at 5-8.) On August 19, 2019, while on parole, Ruby was arrested and charged with seven different offenses stemming from a burglary in Erie County. (C.R. at 13-16.) That same day, the Board issued a warrant to commit and detain Ruby for parole violations. (C.R. at 11.) Ruby did not post bail on his new charges. (C.R. at 51, 69.) On September 18, 2019, the Board rendered a decision to detain Ruby pending disposition of his new criminal charges. (C.R. at 27.)

On November 5, 2020, Ruby pled guilty to criminal trespass, possession of an instrument of crime, and disorderly conduct. (C.R. at 28, 36, 55.) Ruby was sentenced to serve 6 months to 16 months for the criminal trespass charge at a State Correctional Institution (SCI) and was credited 445 days for time served from August 19, 2019 to November 5, 2020 by the Erie County Court of Common Pleas. (C.R. at 36, 88.) Ruby was sentenced to two years' probation for the possession of instrument of crime. *Id.* He was also sentenced to one year probation for the disorderly conduct charge, to be consecutive to the sentence for possession of instrument of crime. *Id.* The remaining charges were *nolle prossed.* (C.R. at 55, 74.)

The Board recommitted Ruby as a convicted parole violator (CPV) based on his new convictions to serve 12 months' backtime by decision mailed March 12, 2021. (C.R. at 78-79.) Ruby signed a waiver of revocation hearing and a counsel/admission form relative to the charges. (C.R. at 38-39.) A hearing examiner determined that Ruby should be given credit for time spent at liberty on parole as he demonstrated long periods of positive adjustment and also that he be recommitted as a CPV based on his new conviction. (C.R. at 40-47.) On December 31, 2020, a second Board Member signed the hearing report. (C.R. at 46.)

2

By decision mailed March 12, 2021, the Board recommitted Ruby as a CPV to serve 12 months' backtime and in its discretion, awarded Ruby credit for time spent at liberty on parole. (C.R. at 78-79.) The Board added Ruby's remaining 731 days from his original sentence to his recommitment date November 5, 2020, making his new maximum parole date November 6, 2022. (C.R. at 76-77.) The Board stated Ruby would not be eligible for parole until November 5, 2021. (C.R. at 78.)

On April 12, 2021, Steven M. Johnston, Esquire of the Clearfield County Public Defender's Office sent Ruby a letter indicating that he would file for administrative review with the Board; however, Attorney Johnston advised Ruby that he did not discern an error in the Board's calculations. (C.R. at 89-90.) Moreover, Attorney Johnston advised Ruby of his ability to appeal the Board's decision to this Court but advised that if Ruby did appeal, Attorney Johnston would take the necessary procedural steps to withdraw as counsel as he believed Ruby's case to be without merit. (C.R. at 90.)

On April 15, 2021, the Board received Attorney Johnston's request for administrative review asserting that the Board erred in calculating Ruby's maximum parole date and parole eligibility date. (C.R. at 80-81.) In the request for administrative review, Attorney Johnston indicated he was of the opinion that Ruby was not entitled to relief; however, Attorney Johnston indicated Ruby was entitled to independent review of the Board's decision and to be represented by counsel during the process. (C.R. at 81.)

By decision mailed July 22, 2021, the Board denied Ruby's request for administrative review, stating that the Board discerned no error in Ruby's new maximum parole date or parole eligibility date. (C.R. at 101-02.)

Thereafter, Ruby, with the assistance of Attorney Johnston, filed a petition for review with this Court.[1]

## II.    Counsel's Application for Leave to Withdraw Appearance

After filing the petition for review, present Counsel, who had been appointed to represent Ruby, filed an application to withdraw and a *Turner*[2] letter, detailing the reasons why he determined Ruby's appeal lacked merit. Therefore, before we examine the merits of Ruby's petition for review, we must first address Counsel's application to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010).

To withdraw, counsel must conduct a zealous review of the case and submit a no-merit letter to the Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues petitioner wishes to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[3] *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 24-26; *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "substantial

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the Board's adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[3] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Here, Ruby does not have a constitutional right to counsel and, therefore, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

reasons for concluding that a petitioner's arguments are meritless." *Zerby*, 964 A.2d at 962 (internal citations omitted).

Additionally, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) provide the petitioner with a copy of the no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points *pro se* that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, the Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines that the petitioner's claims lack merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel stated that he has conducted a review of the record, applicable statutes, and case law. He set forth the relevant facts and the issue that Ruby raised in his petition for review. Counsel stated that Ruby believes he is entitled to credit for 445 days spent incarcerated from August 19, 2019 to November 5, 2020 for his burglary-related charges as he believes his original sentence and new sentence were to be served *concurrently*. Counsel noted that pursuant to section 6138(a)(5)(i) of the Prisons and Parole Code (Code), a CPV is required to serve his new sentence and any remaining backtime on his original sentence *consecutively*. 61 Pa. C.S. §6138(a)(5)(i).

Moreover, Counsel advised Ruby that because he was unable to post bail on his new charges, this time spent incarcerated could not be credited towards his original sentence. Counsel explained that the Board did not err in awarding credit as Ruby was credited 445 days to his new sentence because he was incarcerated on both the Board's warrant and his new charges. Counsel further stated the Board properly established Ruby's return to custody date as November 5, 2020. Counsel clarified that

5

on November 5, 2020, Ruby was sentenced on his new charges and released from commitment on that case and, therefore, Ruby was available to begin serving his original sentence on that date.

Based on his review, Counsel concluded that Ruby's appeal to this Court lacks merit, and he requests permission to withdraw. Counsel provided Ruby with a copy of the no-merit letter and his application to withdraw.[4] He advised Ruby of his right to retain new counsel or proceed *pro se*.[5] Therefore, Counsel has satisfied his duties pursuant to *Turner*.

### III.    Review of the Merits

As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Ruby's petition for review lacks merit. In his Petition, Ruby requests that this Court review the Board's decision mailed July 22, 2021 and determine if he was denied credit towards his original sentence. Ruby asserts that the Board did not credit him with the 445 days he spent incarcerated from August 19, 2019, to November 5, 2020.

Here, the Board determined in its discretion that Ruby was entitled to 1,001 days credit for his time spent at liberty on parole. 61 Pa. C.S. §6138(a)(2.1). The Board determined Ruby had 731 days remaining on his original sentence at the time of his new charges. (C.R. at 101.) The Board cited *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), and determined that although Ruby was arrested on August 19, 2019, he did not post bail and, therefore, he was not entitled

---

[4] Initially, Counsel served Ruby at the incorrect address; however, on April 1, 2022, the Court received an updated certificate of service indicating Ruby had been served at his current address.

[5] Ruby did not retain new counsel or file a brief in support of his petition for review.

to any pre-sentence credit on his original sentence. (C.R. at 101-02.) The Board explained that because Ruby's new sentence was to be served at an SCI, the Code provides that he must serve his original sentence first. 61 Pa. C.S. §6138(a)(5). (C.R. at 102.) The Board determined that Ruby became available to serve his original sentence on November 5, 2020, his sentencing date in Erie County on his new charges, and added 731 days which yielded his maximum parole date of November 6, 2022. *Id.*

Under *Gaito*, if a CPV satisfies bail requirements prior to sentencing and is incarcerated solely on the Board's detainer, this period of incarceration is credited to his original sentence. 412 A.2d at 571. However, when bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must be applied to the new sentence. *Id.* After his arrest on August 19, 2019, Ruby was incarcerated in Erie County on both the Board's warrant and his new charges until he was sentenced on November 5, 2020. At no point during this confinement was Ruby held exclusively on the Board's warrant. This means that the 445 days served from August 19, 2019 to November 5, 2020 must be credited towards his new sentence.

As the Board correctly noted, under section 6128(a)(5) of the Code, Ruby must first serve his original sentence before his new sentence as his new sentence was to be served at an SCI. 61 Pa. C.S. §6138(a)(5). Thus, the Board properly determined that Ruby became available to serve his original sentence on November 5, 2020, the date he was sentenced in Erie County on his new charges. Considering the 1,001 days Ruby was credited for time spent on parole, he had 731 days remaining on his original sentence. Adding 731 days to Ruby's availability date yields a recalculated maximum parole date of November 6, 2022. Therefore, we conclude the Board's calculation is correct and Ruby's appeal is without merit.

## IV. Conclusion

Upon review, we agree with Counsel that Ruby's claims are without merit. Accordingly, we grant Counsel's petition to withdraw as counsel, and we affirm the order of the Board denying Ruby's request for administrative review.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Ruby,                       :
        Petitioner       :
                             :
     v.                    :   No.  928 C.D. 2021
                             :
Pennsylvania Parole Board,  :
        Respondent   :

## ***ORDER***

AND NOW, this 2nd day of November, 2022, the order of the Pennsylvania Parole Board, mailed July 22, 2021, is hereby AFFIRMED, and the petition to withdraw as counsel filed by Ryan J. Dobo, Esquire, is hereby GRANTED.

_____
PATRICIA A. McCULLOUGH, Judge