J-S02005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO MORANCY | : | |
| | : | |
| Appellant | : | No. 1221 MDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002842-2017

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: MAY 1, 2023**

Mario Morancy appeals *pro se* from the order entered in the Berks County Court of Common Pleas on December 9, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act. After careful review, we affirm.

Morancy was charged with criminal homicide, first-degree murder, third-degree murder, four counts of aggravated assault, attempted homicide, burglary, criminal trespass, and possessing instruments of crime. These charges arose from an incident on May 7, 2017 in which Morancy discharged a shotgun multiple times at two brothers. One brother died as a result of his injuries, and the other brother sustained serious bodily injury.

On December 9, 2019, Morancy entered an open *nolo contendere* plea to third-degree murder and attempted homicide.[1] All other charges were dismissed. Morancy was sentenced the same day to an aggregate term of thirty to sixty years' incarceration. Morancy filed a timely post-sentence motion seeking to withdraw his plea. The trial court denied the motion without a hearing.

On January 16, 2020, trial counsel filed a timely notice of appeal along with a motion to withdraw as counsel. The trial court granted trial counsel leave to withdraw and appointed new appellate counsel. Appellate counsel subsequently filed an **Anders**[2] brief and a petition to withdraw as counsel with this Court. In the **Anders** brief, counsel raised a potential issue regarding the voluntariness of Morancy's *nolo contendere* plea. This Court concluded the trial court did not err in finding Morancy was not entitled to withdraw his plea

_____

[1] Morancy and the Commonwealth had initially reached an agreement whereby Morancy would enter an open plea, with further agreement to enter the plea as guilty but mentally ill. **See** N.T., 12/9/19, at 3. Morancy did not dispute that he fired multiple shots at the two victims, killing one, and seriously injuring another. **See id**. at 7, 11. However, Morancy indicated he could not recall the specific facts of the offenses. **See id**. at 9. Accordingly, the Commonwealth stated it was willing to accept a *nolo contendere* plea, instead of a guilty plea, if Morancy acknowledged the Commonwealth would be able to prove the necessary facts at trial. **See id**. at 13. Morancy acknowledged this on the record, and the written colloquy was updated to reflect the change from a guilty plea to a *nolo contendere* plea. **See id**. at 14-15. The court then made a determination on the record that Morancy "met his burden that at the time of the offense he was guilty but mentally ill". **Id**. at 17.

[2] **Anders v. California**, 386 U.S. 738 (1967).

because the record showed that Morancy entered his plea knowingly, intelligently, and voluntarily. *See Commonwealth v. Morancy*, 240 A.3d 932, 129 MDA 2020 (Pa. Super., filed September 15, 2020) (unpublished memorandum). Accordingly, we agreed the appeal was frivolous and affirmed Morancy's judgment of sentence, and granted appellate counsel leave to withdraw.

On December 3, 2020, Morancy filed a *pro se* PCRA petition, claiming his plea was unlawfully induced due to his mental health issues, his sentence was illegal, and his plea counsel was ineffective. PCRA counsel was appointed, but did not file an amended petition. Instead, counsel filed a *Finley*[3] no-merit letter, along with a petition to withdraw as counsel. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving an extension of time, Morancy filed a response to the Rule 907 notice, in which he changed his ineffectiveness claims to layered ineffectiveness claims of all prior counsel; PCRA counsel, appellate counsel, and plea counsel. The PCRA court reviewed and ultimately dismissed the PCRA petition. This timely appeal followed.

On appeal, Morancy raises a layered claim of ineffective assistance of PCRA counsel. Specifically, he argues PCRA counsel was ineffective for failing

---

[3] *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

to properly litigate and layer the following ineffectiveness claims against prior counsel:

> a. Was direct appeal counsel ineffective by failing to claim trial counsel's ineffectiveness in neglecting to advise [Morancy] to exercise his rights in attempt to withdraw his guilty but mentally ill plea [agreement] after the trial court refused to accept the plea, due to lack of memory; moreover, counsel advised [Morancy] to plead no contest?
>
> b. Was direct appeal counsel ineffective by failing to allege trial counsel's ineffectiveness for failure to argue an insanity defense when the trial court refused to accept [Morancy's] guilty but mentally ill plea [agreement] (to murder of third degree and attempted murder in the first degree), due to lack of memory of the facts of the crimes committed?
>
> c. Was direct appeal counsel ineffective by failing to challenge trial counsel's ineffectiveness for failing to object to the sentencing, on both: third degree murder and attempted murder in the first degree, where [the] Commonwealth and [the] trial court failed to show intentional, knowingly, and/or malice?

Appellant's Brief, at 4.

Our "standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Generally, "[t]he PCRA court may dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post conviction collateral relief,

- 4 -

and no legitimate purpose would be served by any further proceedings." ***Commonwealth v. Johnson,*** 139 A.3d 1257, 1273 (Pa. 2016) (citation and internal quotation mark omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

Morancy's claims challenge the effectiveness of counsel. "A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted).[4] Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's

---

[4] For purposes of review, a plea of *nolo contendere* is treated the same as a guilty plea. ***See Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa. Super. 2002).

advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (internal quotation marks and citations omitted).

We presume counsel is effective, and a PCRA petitioner bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Kimball***, 724 A.2d 326, 330-332 (Pa. 1999). A petitioner must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. ***See id***. at 1163.

When an appellant claims PCRA counsel was ineffective for failing to challenge prior counsel's effectiveness, the appellant must present a layered claim of ineffectiveness. ***See Commonwealth v. McGill***, 832 A.2d 1014, 1022-23 (Pa. 2003).

> Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.
>
> Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim

- 6 -

is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted and formatting altered). In any event, it is well settled that "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citation omitted).

Unfortunately, Morancy's claims are underdeveloped. While he does present subsections for each prong of the ineffectiveness test under each individual claim, he does not address each prong with respect to all three counsel included in his layered claim. Instead, within each claim, he switches aimlessly between trial counsel and PCRA counsel. *See e.g.* Appellant's Brief, at 9-14 (analyzing the arguable merit prong for the first claim in regards to trial counsel only), *compare* Appellant's Brief, at 14-17 (analyzing the reasonable basis and prejudice prongs for the first claim in regards to PCRA counsel only). We could therefore deny relief on this basis alone.

In any event, Morancy's claims would nevertheless be without merit. Morancy's primary claim on appeal is that trial counsel was ineffective by failing to advise Morancy to withdraw his guilty plea when the trial court rejected his plea of guilty but mentally ill. *See* Appellant's Brief, at 9, 12.

Morancy claims trial counsel was further ineffective by advising Morancy to tender a plea of *nolo contendere* instead. **See id**.

However, Morancy has not established that his plea of guilty but mentally ill was rejected by the trial court. Both the sentencing transcript and an order of the court entered on the date of sentencing indicate that the court made a determination on the record that Morancy met his burden to prove he was guilty but mentally ill. **See** N.T., 12/9/19, at 17; **see also** Order, 12/9/19. Nevertheless, even if we gave Morancy the benefit of the doubt, and found the record was ambiguous as to whether the court accepted or rejected a finding of guilty but mentally ill, Morancy has failed to establish that he suffered any prejudice from such a rejection.

> The only distinction between the convicted defendant and the convicted defendant determined to have been mentally ill at the time of the commission of the offense is that, in the case of the latter, the judge, before imposing sentence, must take testimony and make a finding as to whether the person *at the time of sentencing* is severely mentally disabled and in need of treatment. … Thus, the only effect of a verdict of guilty but mentally ill is to trigger an inquiry at the time of sentencing to determine the defendant's mental status at the time of the sentencing phase.

**Commonwealth v. Sohmer**, 546 A.2d 601, 606-07 (Pa. 1988).

The additional finding of being mentally ill at the time of the offense has no impact on the adjudicative process. Rather, it simply triggers an inquiry at the time of sentencing to determine whether the person *at the time of sentencing* is severely mentally disabled and in need of treatment at that time.

The duration of the sentence, however, is not affected by a determination of guilty but mentally ill.

> [A] guilty but mentally ill defendant may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense, and is entitled to no reduction in the term as a result of the finding of mental illness. Likewise, a defendant found guilty but mentally ill cannot evade a mandatory minimum sentence. The only distinction between guilty but mentally ill and guilty at sentencing is that the judge is required to hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment. Mental health treatment is then provided in accordance with available resources.

***Miskovitch v. Pennsylvania Bd. of Probation and Parole***, 77 A.3d 66, 71-72 (Pa. Commw. Ct. 2013) (citations and internal quotation marks omitted).

Since the guilty but mentally ill plea would affect only whether Morancy received treatment after sentencing, Morancy has not identified any basis that would have entitled him to withdraw his plea even if the trial court had rejected his guilty but mentally ill plea. Further, Morancy has not alleged or argued that he was still mentally ill at the time of sentencing. Nor has he alleged or argued that the sentencing court failed to determine whether he was mentally ill at the time of sentencing. Finally, he has failed to allege or argue that he was in need of treatment at the time of sentencing. As a result, he has not demonstrated any prejudice, even if we assume the trial court rejected his guilty but mentally ill plea. He therefore has not established either the arguable merit or the prejudice prong of his ineffectiveness claim.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/01/2023</u>